Ramon L. Pepin TORRES, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.

No. 81-1119.

United States Court of Appeals, First Circuit.

Submitted Sept. 10, 1981.

Decided Dec. 24, 1981.

Rafael Carreras Valle, Rio Piedras, P. R., on brief for plaintiff-appellant.

Raymond L. Acosta, U. S. Atty., San Juan, P. R., William Kanter, Atty., Dept. of Justice, Washington, D. C., Frank V. Smith, III, Regional Atty., and Barry J. Reiber, Asst. Regional Atty., Dept. of Health and Human Services, New York City, on brief for defendant, appellee.

Before ALDRICH, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

Plaintiff-appellant applied for social security disability benefits on August 28, 1978, because of problems with the right side of his waist and back and a nervous condition. He appeals from the district court's affirmance of the denial of these benefits. On appeal he sets forth several contentions to argue that the Secretary's decision is not supported by substantial evidence and is premised, in part, on an erroneous application of the Social Security regulations.

■ The record is more than sufficient to support the Secretary's finding that appellant's problems with his waist and back were not of a disabling nature. Three examining physicians, Doctors Cuello, Cordero and Robert de Ramirez de Arellano, were all firmly of the opinion that they could not attribute any medical explanation to appel-lant's continued complaints of pain from injuries received in a work related accident in September, 1975. Although the report of Dr. Flores-Vilar tends to advance some medical explanation for appellant's back ailments—which in any case do not seem to be severe—it is clear that the administrative law judge (ALJ) who considered appellant's case took into account this report and weighed it against the other evidence of record. Having done so it was entirely within his province to decide how much weight to assign it in the overall evaluation of appellants' case. *See Gonzalez v. Richardson*, 455 F.2d 953, 954 (1st Cir. 1972).

The evidence with respect to appellant's "nervous condition" presents a much closer question. At the very least appellant suffers from some form of depression, which among the evidence of record ranges anywhere from slight to severe. The evidence is mixed. In one report Dr. Rodriguez, a psychiatrist, concluded that appellant's "history and symptoms reveal a histerie [sic] type reaction of a slight to moderate intensity." His overall discussion of appellant's problems would seem to indicate that despite occasions where appellant hears voices and experiences periods of depression he is still able to function satisfactorily.[1] The report of Dr. Torres, also a psychiatrist, although less comprehensive than the report of Dr. Rodriguez, is of a similar vein. The report of a third psychiatrist, Dr. Oquendo, presents a more severe picture of appellant. From his observations Dr. Oquendo noted greater personality deterioration and difficulty of self-control which was exhibited through hallucinations, feelings of inadequacy and persecution, and crying spells. However, as a whole Dr. Oquendo's report is not completely negative. Among other things, he noted that appellant had logical thought, adequate orientation, general knowledge adequate for his education and adequate judgment. He understood there to have been improvement from the treatment appellant had been receiving and felt a possibility of further im-

---

1. See especially the Psychiatric Evaluation Questionnaire which accompanied Dr. Rodriguez's report. In eight general areas the only negative response had dealt with an inability to tolerate work pressures associated with production requirements in unskilled work.

provement from continued treatment. The last psychiatric report of record, by Dr. Jimenez,[2] presents the most negative picture. It presents appellant as suffering from "depressive reaction with tendency to severe and hysterical manifestations." His final comment is that appellant did "not have the capability to tolerate the mental demands required for his habitual work." Having noted the closeness of this record it follows that, again, it was the Secretary's task to resolve the conflict which is evident. Because the ALJ made careful findings on appellant's credibility and demeanor after observation of his conduct at the hearing, we cannot say that the Secretary's findings with respect to appellant's mental condition are unsupported.

■ Our conclusions that the Secretary's factual findings on appellant's impairments have substantial support in the record does not end our review. Despite an otherwise careful decision the ALJ did not specifically state whether he thought appellant was capable of engaging in his relevant past employment or other alternative type work. Because the ALJ proceeded to evaluate appellant's case on the basis of the criteria set forth in the "Medical-Vocational Guidelines," 20 C.F.R. Part 404, Subpart P, App. 2 (1981), and these apply only where a claimant cannot engage in his past work activity, we are forced to conclude that the ALJ considered appellant so limited. See 20 C.F.R. § 404.1545(a); App. 2, § 200.00. Drawing on his conclusions with respect to appellant's back problems the ALJ found that he could perform light work as defined in the regulations, 20 C.F.R. § 404.1567(b) (formerly § 404.1510(c)) and was a "younger individual" with limited education and an "unskilled" work history. From this the ALJ concluded that appellant fell under the profile listed at Rule 202.17 of the "Medical-Vocational Guidelines." This rule mandated a "not disabled" decision. In light of what we have concluded about the Secretary's factual findings—i.e., that they find a sufficient support in the record—we would be satisfied to terminate our review here. We have recently given a qualified approval to the Secretary's use of these same regulations. See Geoffroy v. Secretary of Health and Human Services, 663 F.2d 315 (1st Cir. 1981). But appellant also suffered from a nonexertional mental impairment to which these "Guidelines" are not always totally relevant or applicable. See App. 2, § 200.-00(e)(1) and (2). To make review simpler and to avoid unnecessary reversal it would seem to make more sense for an ALJ to stay completely away from the "Guidelines" where nonexertional impairments are so significant that the applicant does not possess the residual functional capacity on which the "Guidelines" are predicated.[3] In a decision by an ALJ leaning on the "Guidelines" in some measure for its ultimate conclusion it would be difficult, if not impossible, to be certain that the "Guidelines" had not unduly influenced the overall decision by tainting an area in which they should not have been considered at all. Notwithstanding this admonition we are here satisfied that the ALJ did not apply these "Guidelines" blindly but proceeded at all times aware of their limitations. His decision analyzed each of the two impairments separately and then, closely following the advice of § 200.00(e)(2), he made independent judgments as to the exertional and nonexertional impairments. He applied the rule of the "Guidelines" only to the exertional impairment and then specifically, and separately, concluded that the mental condition did not significantly affect appellant's capacity to do light work, a finding we have concluded is supported by substantial evidence. Although there is some potential

2. Dr. Jimenez examined appellant after the administrative hearing was held and after the ALJ had rendered his decision. His report considered and weighed by the Appeals Council.

3. We understand this to be the essence of App. 2, § 200.00(e). See also 20 C.F.R. § 404.1545(c) (1981); Gagnon v. Secretary of HHS, 666 F.2d 662, 666 (1st Cir. 1981), (If nonexertional factors limit applicant's residual functional capacity, Secretary must give " 'full consideration' to 'all the relevant facts', including the taking of expert vocational testimony if necessary, before concluding that [the applicant] is either 'disabled' or 'not disabled' ".)

for confusion, in light of the view we have taken of the medical evidence of record, we see no error in this approach. We remain hopeful that the Secretary, and ALJ's in individual cases, do not adopt these "Guidelines" as a shortcut to disability findings or as a crutch on which to premise alternative employment possibilities in situations where the impairment involved calls for the type of evidence only a qualified expert who has examined the record can provide.

Appellant's further contentions are of little merit and deserve only brief discussion. There was no error in not finding that appellant's mental condition was of such severity to qualify under 20 C.F.R. Part 404, Subpart P, App. 1, § 12.02 (chronic brain syndrome) or § 12.04 (functional nonpsychotic disorder). Nor is it important that the Appeals Council's denial of review is signed by only one member; appellant's reliance on 20 C.F.R. 422.205(b) is simply mistaken. Finally, insofar as appellant has been found not entitled to benefits he has not been prejudiced by any administrative delay. *Rafael Rico v. Secretary of Health, Education and Welfare,* 593 F.2d 431, 434 (1st Cir. 1979).

*Affirmed.*