Kenneth L. STEWART, Plaintiff,

v.

Margaret M. HECKLER, in her capacity as Secretary of the United States Department of Health & Human Services, Defendant.

Civ. No. 83–0454 P.

United States District Court, D. Maine.

Sept. 28, 1984.

N. Paul Gauvreau, Burke & Gauvreau, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This is an action under 42 U.S.C. §§ 405(g), 1383(c)(3) for review of the final

decision of the Secretary of Health & Human Services, which denied Plaintiff's applications for disability insurance benefits and supplemental security income benefits. Plaintiff claims disability beginning February 5, 1982. He was 50 years old at that time. The applications were denied initially and upon reconsideration by the Social Security Administration. At the request of the claimant, a hearing was held before an Administrative Law Judge (ALJ), who also denied the applications. The Appeals Council affirmed the ALJ's decision. The case is before this Court upon Plaintiff's Motion for Summary Judgment and Defendant's Motion for an Order Affirming the Decision of the Secretary.

The evidence considered by the ALJ included the testimony of the claimant and Dr. Albert Aranson, a medical advisor to the ALJ, and voluminous medical records. Plaintiff was diagnosed as suffering from a tumor in the hilum of his right lung in January of 1982. He had his right lung removed on February 11, 1982. His recovery was successful, although subsequent pulmonary function studies indicated mild obstructive airway disease. The ALJ found that the claimant suffered from the following medically determinable impairments: "S/P right pneumonectomy for squamous cell bronchogenic carcinoma with no evidence of lymph node metastasis, and chronic bronchitis."

Following the sequential analysis set forth in 20 C.F.R. § 404.1520, the ALJ found that the claimant had a severe impairment, but that his impairment was not equivalent to one of those listed in 20 C.F.R. Pt. 404, Appendix 1. *See* 20 C.F.R. § 404.1520(d). Proceeding to the next step, the ALJ found that the claimant had a residual functional capacity to perform "light work," *see* 20 C.F.R. § 404.1567(b), provided he is not required to work in excessively dusty environments. The ALJ then followed the directive of 20 C.F.R. § 404.1569 to refer to the Medical-Vocational Guidelines in Appendix 2. Based upon his findings that the claimant was closely approaching advanced age, had a limited education, and semi-skilled work experience with skills not transferable, the ALJ found that Section 202.11 of the Guidelines mandated a finding of "not disabled."

Plaintiff makes three arguments: (1) that the ALJ improperly applied the Medical-Vocational Guidelines; (2) that the ALJ erred in refusing to admit evidence under 20 C.F.R. § 404.1562, which permits a finding of disability if a severely impaired claimant has only a marginal education and has engaged in arduous unskilled labor for 35 years or more; and (3) that the ALJ's finding that claimant had semi-skilled work experience was not supported by substantial evidence.

■ The Court finds no merit in the second and third claims. The regulations define semi-skilled work as follows:

Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. Semi-skilled jobs may require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or attending or guarding equipment, property, materials, or persons against loss, damage, or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work.

20 C.F.R. § 404.1568(b). Plaintiff testified that, in his work as a maintenance man, he "moved machinery around, packed them down (PHONETIC), repaired machinery." In the vocational report signed by Plaintiff, he described his duties as follows: "Repair machinery, repair buildings." This is substantial evidence supporting the ALJ's finding that the claimant has semi-skilled, rather than unskilled, work experience. The capacity to repair machinery in particular requires skills beyond the simple tasks defined as unskilled work in 20 C.F.R. § 404.1568(a).

■ With respect to Plaintiff's second argument, there is no question that the ALJ prevented Plaintiff's counsel from eliciting testimony from Plaintiff concerning

the duration of his work experience. Plaintiff claims that the evidence was admissible under the "35-year rule:"

> If you have only a marginal education and work experience of 35 years or more during which you did arduous *unskilled* physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s), we will consider you unable to do lighter work, and therefore, disabled.

20 C.F.R. § 404.1562 (emphasis added). The hearing record does not reveal the ALJ's reason for excluding the evidence. Whatever the reason, if the ALJ did err, the error is harmless. Plaintiff does not qualify for the 35-year rule because his work experience is semi-skilled, as found by the ALJ and supported by substantial evidence, and not unskilled, as required by the 35-year rule. Therefore, evidence pertaining to the duration of his work experience is irrelevant.

■ Plaintiff's first claim, however, that the ALJ misapplied the Medical-Vocational Guidelines, has merit, and the case will be remanded for proper application of the regulations. The Guidelines were developed to simplify the task of proving the existence of jobs in the national economy that can be performed by a claimant with a severe impairment who cannot return to past relevant work. *Vazquez v. Secretary of Health and Human Services*, 683 F.2d 1, 2 (1st Cir.1982). If individual findings of fact place a claimant squarely within the Guidelines, they direct a finding as to disability. *Id.* at 3.

However, the regulations make clear that the Guidelines may not be conclusive when non-strength impairments are involved:

> Since the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs, they may not be fully applicable where the nature of an individual's impairment does not result in such limitations, e.g., certain mental, sensory, or skin impairments. In addition, some impairments may result solely in postural and manipulative limitations or environmental restrictions. Environmental restrictions are those restrictions which result in inability to tolerate some physical feature(s) of work settings that occur in certain industries or types of work, e.g., an inability to tolerate dust or fumes.

20 C.F.R. Pt. 404, Appendix 2, § 200.00(e). *See also Vazquez*, 683 F.2d at 3; *Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 665 (1st Cir.1981); *Torres v. Secretary of Health and Human Services*, 668 F.2d 67, 69 (1st Cir.1981); *Tibbetts v. Heckler*, Civil No. 82–0208–P (D.Me. March 31, 1983) (per Cyr, J).

■ In particular, exclusive reliance should not be placed upon the Guidelines when there is a finding that the claimant suffers nonexertional impairments. *Gagnon*, 666 F.2d at 665. If both exertional and nonexertional impairments are present, the regulations require the Secretary to proceed as follows:

> [W]here an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of *how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.* Also, in these combinations of nonexertional and exertional limitations which cannot be wholly determined under the rules in this Appendix 2, *full consideration must be given to all the relevant facts* in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations, which will provide insight into the adjudicative weight to be accorded each factor.

20 C.F.R. Pt. 404, Appendix 2, § 200.-00(e)(2) (emphasis added). In this case, the ALJ expressly found that the claimant cannot work in excessively dusty environments. Clearly, this is a nonexertional, environmental impairment. *See* Appendix 2, § 200.00(e). Additionally, the claimant testified that he suffers pain and dizziness upon movement. Nevertheless, the ALJ found that Plaintiff's impairment "is solely exertional in that it gives rise to strength limitations." Based upon this finding, the ALJ determined that the Guidelines, herein Section 202.11, were conclusive on the question of disability.

The ALJ's exclusive reliance upon the Guidelines was erroneous.[1] Since a nonexertional impairment has been found, the Secretary must determine "how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations." 20 C.F.R. Pt. 404, Appendix 2, § 200.00(e)(2); *Gagnon*, 666 F.2d at 666.

The decision must be vacated and the case remanded to the Secretary. On remand, the Secretary should determine whether Plaintiff's nonexertional impairments are significant enough to limit his access to the full range of jobs assumed to require "light work" strength capabilities. If the Secretary finds that the nonexertional factors do limit Plaintiff's ability to do some light work jobs, then she must give "full consideration" to "all the relevant facts," including the taking of expert vocational testimony if necessary, before concluding that Plaintiff is disabled or is not disabled. *See Gagnon*, 666 F.2d at 666.

Accordingly, the decision of the Secretary is VACATED. The case is REMAND-

ED for further agency proceedings in accordance herewith.

So ORDERED.

---

1. The First Circuit has warned that the Guidelines should not be applied blindly when nonexertional impairments "are so significant that the applicant does not possess the residual functional capacity on which the 'Guidelines' are predicated." *Torres v. Secretary of Health and Human Services,* 668 F.2d 67, 69. The First Circuit observed:

In a decision by an ALJ leaning on the "Guidelines" in some measure for its ultimate conclusion it would be difficult, if not impossible, to be certain that the "Guidelines" had not unduly influenced the overall decision by tainting an area in which they should not have been considered at all.

*Id.* at 69. In this case, the ALJ failed to express any awareness of the limitations of the Guidelines. Thus reversal is necessary.