**Daniel E. SMITH, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health & Human Services, Defendant.**

**Civ. No. 83–0203–P.**

United States District Court, D. Maine.

Oct. 22, 1984.

Thomas P. Downing, Jr., Portland, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S APPEAL

GENE CARTER, District Judge.

In this case Plaintiff has appealed directly to this Court under 28 U.S.C. § 636(c)(4) from an order of the Magistrate. That order affirmed the decision of the Defendant Secretary denying Plaintiff's application for a period of disability and for disability insurance benefits.

Plaintiff's appeal was dismissed initially by this Court on March 31, 1984, for failure to file a timely brief. On May 29, Plaintiff filed a Motion for Relief from Judgment, which was granted by the Court for want of objection on June 12, 1984. After Plaintiff filed a statement of the cause and brief on June 22, 1984, the Defendant Secretary filed a motion for extension of time in which to file her brief, from August 13, 1984, to August 20, 1984. Since no objection was filed, that motion, too, was granted. The Secretary did not, however, file her brief until August 22, two days after the appointed date.

On far too many occasions the Court has dealt at length with the Secretary's failure to take seriously the procedural rules and orders of this Court. *See*, e.g., *Ouelette v. Heckler*, Civ. No. 84–0129–P (D.Me. Aug. 2, 1984), *Montrose v. Heckler*, 579 F.Supp. 240 (D.Me.1984).

As a sanction for this most recent dereliction, the Court will consider Plaintiff's appeal without considering the arguments presented by Defendant in her brief. Since those arguments were not timely made, the Court deems them waived.

Proceeding to the merits of the appeal, the Court first states that the appropriate standard of review of final orders

of the Magistrate in social security cases is the same standard used by appellate courts in reviewing decisions of the district courts in social security matters. Therefore, the standard of review to be applied by this Court is whether the determination made by the ALJ is supported by substantial evidence. 42 U.S.C. § 405(g); *Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127, 128 (1st Cir.1981). The determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The Court has thoroughly reviewed the transcript of the administrative proceedings, the exhibits presented and the brief of Plaintiff's counsel.

■ Plaintiff contends that the findings of the ALJ were not supported by the evidence in several respects. The Court cannot agree. Although Plaintiff claims that the ALJ ignored salient portions of various medical records, it is clear that the ALJ carefully considered all of the reports[1] in his evaluation of the evidence. The portions which Plaintiff claims were ignored are largely the conclusions of the physicians on the issue of disability. Plaintiff concedes, however, and the law of this circuit is explicit, that the ALJ is not compelled to accept a physician's conclusion on the ultimate question of disability. *Rodriquez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981).

■ Plaintiff also contends that the ALJ's findings concerning his alcoholism and depression are not supported by substantial evidence and that the ALJ ignored important aspects of the evidence. In fact, as the Magistrate pointed out, each of the findings is supported on the record. Specifically, the ALJ's finding that Plaintiff's

nonexertional impairments have not caused restrictions in daily activity, construction of interests, or difficulty in relating to other people, and thus do not meet the requirements of 20 C.F.R. Part 404, App. 1 § 12.04, are supported in the record by his testimony concerning his daily activities and the social network that he has developed around Alcoholics Anonymous meetings.

The Court cannot agree either with Plaintiff's suggestion that his alcoholism and depression alone are disabling. The regulations state clearly that addiction to alcohol "will not, by itself, be a basis for determining whether you are, or are not, disabled. As with any other medical condition we will decide whether you are disabled based on symptoms, signs and laboratory findings." 20 C.F.R. § 404.1515(e). As stated above, the determination that Plaintiff did not manifest the requisite symptoms, signs and laboratory findings is supported by substantial evidence.

The ALJ specifically found that claimant's "nonexertional impairments, alone or *in combination* with his exertional impairments do not significantly affect his ability to perform a wide range of sedentary work." Finding 18. (Emphasis added). Plaintiff's argument that the ALJ failed to consider the cumulative effect of his impairment is, therefore, without merit.

Finally, Plaintiff asserts that the ALJ mechanically applied the medical vocational guidelines (the grid) in finding that Plaintiff is capable of sedentary work that is available in the national economy. Because of his nonexertional impairment, Plaintiff contends, too, that a vocational expert is required to establish his alternate vocational capacity.

The regulations make clear that the guidelines may not be conclusive when nonexertional impairments are involved.

---

1. Plaintiff claims that the ALJ failed to discuss at all the October 12, 1982, report of Dr. Dowling which termed Plaintiff "totally disabled." This report, including Dr. Dowling's assessment of Plaintiff's physical limitations, was discussed by the ALJ at page 6 of his opinion. Tr. 22.

Plaintiff, on page 5 of his brief, also alludes to other mistakes or omissions in the ALJ's opin-

ion. These were all pointed out to the Appeals Council before its review and that body found that they did not affect the outcome of the case. The Magistrate reviewed this finding and found no error in it. Likewise, this Court has reviewed the record and has found no error in that conclusion.

20 C.F.R. Part 404, Appendix 2, § 200.00(e). *See also, Gagnon v. Secretary of Health and Human Services,* 666 F.2d 662, 665 (7th Cir.1981); *Stewart v. Heckler,* 594 F.Supp. 590 at 593–594 (1984) (per Carter, J.). The regulations also require a two-part procedure when both exertional and nonexertional impairments are present, as they are in this case.

> [W]here an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations. Also, in these combinations of nonexertional and exertional limitations which cannot be wholly determined under the rules in this Appendix 2, full consideration must be given to all the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations, which will provide insight into the adjudicative weight to be accorded each factor.

20 C.F.R. Part 404, Appendix 2, § 200.-00(e)(2). Explicating this regulation, the First Circuit has stated that the guidelines should not be mechanically applied when nonexertional impairments "are so significant that the applicant does not possess the residual functional capacity on which the 'Guidelines' are predicated." *Torres v. Secretary of Health and Human Services,* 668 F.2d 67, 69 (1st Cir.1981).

█ The ALJ's opinion demonstrates that he was fully aware that the grid is not applicable in all situations and that he did not blindly apply it. At the outset he recited the above regulation limiting use of the grid. In the findings section of his opinion the ALJ determined first that no finding of disability was available on the strength im-pairments alone. Continuing to the second phase of the evaluation, he determined that the nonexertional impairments, alone or in combination with the exertional impairments, "did not significantly affect [Plaintiff's] ability to perform a wide range of sedentary work." The ALJ had twice previously articulated his finding that Plaintiff's nonexertional impairments did not significantly affect his ability to perform work related functions. His final analysis that the nonexertional impairments did not significantly affect his ability to perform sedentary work follows from the previous finding. Since there was no significant effect on the residual functional capacity on which the grid is predicated, its use by the ALJ was entirely proper.

Accordingly, it is ORDERED that the appeal of the Plaintiff be, and is hereby, DENIED.

So ORDERED.