**Robert D. POWER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary, United States Department of Health and Human Services, Defendant.**

**Civ. No. 84–0331 P.**

United States District Court,
D. Maine.

July 24, 1985.

Michael A. Bell, Bell & Geores, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## MEMORANDUM AND ORDER

GENE CARTER, District Judge.

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Secretary of Health and Human Services, which denied Plaintiff's applications for disability insurance benefits and supplemental security income benefits. Plaintiff is an achondroplastic dwarf, approximately 4'7" tall, who also has mental retardation. He applied for disability insurance benefits on February 14, 1983, claiming that a period of disability began in April of 1980.

Plaintiff's application was denied administratively and, after hearing, by an Administrative Law Judge. After duly filing a complaint for judicial review in this Court, Plaintiff filed a Motion for Summary Judgment or for Remand on January 30, 1985. The day before her cross-motion and supporting memorandum of law were due, the Secretary filed a Motion for Extension of Time to file those papers. The Court denied the motion. The Secretary nevertheless attempted to file her Motion and Memorandum nine days after the deadline, along with another Motion for Extension of Time. The Motion for Extension of Time will be denied, and the Court will decide the case without considering the Motion and Memorandum proffered by the Secretary. *See Mawhinney v. Heckler*, 600 F.Supp. 783, 784–85 (D.Me.1985); *Smith v. Heckler*, 595 F.Supp. 1105, 1106 (D.Me.1984).

The Administrative Law Judge (ALJ) conducted two hearings on Plaintiff's application. In the first, he took the testimony of the claimant; Michael Everett, a case worker for the Maine Department of Human Services; Dr. Carlyle Voss, a medical advisor; and Dr. Karl F. Heiser, a vocational expert. Subsequent to the first hearing, the claimant's attorney filed a vocational assessment and the ALJ received a report from the Department of Vocational Rehabilitation. Record at 103. A second hearing was called in order to permit a vocational expert, this time Michael C. Williams, to evaluate the additional vocational evidence.

In his decision dated February 28, 1984, the ALJ found that the claimant has severe achrondoplasia and mental retardation, but does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1 to 20 C.F.R. Part 404, Subpart P. He found that the claimant has the residual functional capacity to perform work "except for work requiring climbing, lifting more than 20 lbs. at a time, or involving prolonged periods of concentration, among other things." Record at 24. He found that the claimant could not perform his past relevant work but that he could perform a significant number of jobs existing in the national economy. *Id.* Therefore, he found the claimant not to be disabled.

In his decision, the ALJ did not mention the testimony of Dr. Williams. The claimant then requested that the ALJ reopen and reconsider his decision in light of Dr. Williams' testimony. Record at 16–17. The ALJ denied the Motion to Reopen on the ground, among others, that the testimony of Dr. Williams did not differ in any substantial way from that of Dr. Heiser. Record at 11–12.

Plaintiff asserts that the ALJ made several errors. First, he argues that the ALJ erred in concluding that the claimant's impairment did not meet or equal the listings. Specifically, the claimant asserts that the ALJ "skipped" the third step in the sequential evaluation process by failing to discuss why Plaintiff's impairments did not meet or equal the listings. It is true that the ALJ did not discuss the listings in the body of his decision, concluding only in his numbered findings that the claimant's impairments did not meet or equal the listings. This Court has admonished the Secretary to set forth particularized findings and reasons in connection with decisions made un-

der her regulations. *See Blaisdell v. Heckler*, Civil No. 84–0125–P (D.Me. March 28, 1985); *Holmes v. Heckler*, 594 F.Supp. 536, 538 (D.Me.1984) (per Cyr, C.J.); *Trafton v. Heckler*, 575 F.Supp. 742, 746 (D.Me.1983) (per Cyr, C.J.). In the context of this case, however, the Secretary's findings are sufficient to permit meaningful judicial review.

■ The claimant faults the ALJ for failing to explain why his impairment did not meet or equal listing 12.05(C). The claimant has the burden of proving his disability. 20 C.F.R. § 404.1512; *Reyes Robles v. Finch*, 409 F.2d 84 (1st Cir.1969). The evidence of record in this case does not support a finding that claimant's impairment meets or equals 20 C.F.R.App. 1, 12.-05(C), which provides:

> IQ of 60 to 69 inclusive (see 12.00 B4) and a physical or other mental impairment imposing additional and significant work-related limitation of function.

The claimant's lowest IQ score, 70, was above the range set out in listing 12.05(C). Here, there is substantial evidence to demonstrate that the claimant has no significant physical problems apart from his small stature. *See* record at 232. Besides his IQ, there is evidence that he suffers from reactive depression, record at 235, but no evidence demonstrating that it limits his ability to work. Finally, vocational testing revealed that he had a bad attitude in a work setting. The ALJ's finding that this was not sufficient to raise his impairment to the level of listing 12.05(C) was proper.

Plaintiff also contends that the ALJ failed to adequately consider listing 12.04. The record clearly does not include evidence to support the existence of an impairment meeting or equal to listing 12.04. The ALJ's conclusion, therefore, is supported by substantial evidence.

Plaintiff next argues that the ALJ's finding that he is presently employable is not supported by substantial evidence. Plaintiff specifically complains that the ALJ failed to consider the testimony of the second vocational expert, Dr. Williams, who, unlike Dr. Heiser, had the benefit of an extensive Vocational Evaluation Report from Pathways, Inc. *See* Record at 241, *et seq.* Dr. Heiser gave his opinion that the claimant was able to perform jobs existing in significant numbers in the national economy. Record at 86; *see* 20 C.F.R. § 404.-1566. Upon questioning by the ALJ at the second hearing, Dr. Williams gave a similar opinion. Record at 118. However, upon questioning by the claimant's attorney, who added to the ALJ's hypothetical findings derived from the Pathways, Inc. evaluation, including problems with concentration, attention span, punctuality, and ability to follow instructions, Dr. Williams stated that such a person is not presently employable. Record at 122, 126.

■ The ALJ did not consider Dr. Williams' opinion in his first Decision and in his Order Denying Motion to Reopen, stated that Dr. Williams' testimony did not differ in any substantial way from that of Dr. Heiser. Clearly, this observation was incorrect, and it suggests that the ALJ paid little attention to Dr. Williams' testimony. This was error. The ALJ was bound to give the testimony of the vocational expert great weight. *Dionne v. Heckler*, 585 F.Supp. 1055, 1060 (D.Me.1984). Here, the ALJ relied heavily on the testimony of Dr. Heiser, who testified before the claimant underwent a vocational evaluation at Pathways. He ignored the opinion of the expert who testified after the evaluation became a part of the record. Certainly, the ALJ is entitled to discount the findings included in the claimant's hypothetical, and thus the resulting opinion that the claimant could not work. But the ALJ should give better indication than he has on this record that he has taken cognizance of the vocational expert's opinion. *See Small v. Califano*, 565 F.2d 797, 801 (1st Cir.1977); *Dionne, supra*, 585 F.Supp. 1060. The Court will remand this case to the Secretary to enable her to give due consideration to all opinions expressed by Dr. Williams and to make pertinent detailed findings.

■ The claimant has also sought remand for application of Section 5 of the Social Security Disability Benefits Reform

Act of 1984, Pub.L. 98–460, 98 Stat. 1801–1802. Section 5 requires the Secretary to revise the criteria for evaluating Mental Disorders in the Listing of Impairments. The revised criteria "shall be designed to realistically evaluate the ability of a mentally impaired individual to engage in substantial gainful activity in a competitive workplace environment." Section 5 further provides that the criteria shall be applied to certain persons subject to continuing eligibility reviews and prior denials. The claimant here appears to be among those persons who, if denied on the pending application, would be able to reapply and, if eligible under the new criteria, entitled to benefits for the period for which he was denied. Pub.L. 98–460, § 5(c)(3), 98 Stat. 1802. The procedure for obtaining the benefit of this provision is reapplication. *Id.; Ferguson v. Heckler,* Civil No. 83–0141–B (D.Me. Dec. 18, 1984) (per Cyr, C.J.). Under the circumstances present here, however, the Court will require the Secretary to apply the revised criteria developed pursuant to section 5 of the Reform Act on remand. The record in this case makes it clear that the revisions made pursuant to section 5 could be pivotal in establishing the claimant's eligibility for benefits. It will neither benefit the applicant nor conserve administrative and judicial resources to require the claimant to begin the application process anew, if his pending application is denied on remand, in order to be considered under the revised criteria.

Accordingly, it is ORDERED that the decision of the Secretary is VACATED and this case be REMANDED to the Secretary for further proceedings consistent with this Opinion.

So ORDERED.