808 F.2d 690
 16 Soc.Sec.Rep.Ser. 111, Unempl.Ins.Rep. CCH 17,123
William T. KIRKSEY, Appellant,
v.
Margaret M. HECKLER, Secretary of Health & Human Services of
the United States, Appellee.
 No. 86-1114.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 12, 1986.
Decided Jan. 8, 1987.
 
 Robert W. Pratt, Des Moines, Iowa, for appellant.
 Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for appellee.
 Before LAY, Chief Judge, WOLLMAN and MAGILL, Circuit Judges.
 LAY, Chief Judge.
 
 
 1
 William Kirksey appeals from the judgment of the district court[1] entered in favor of the Secretary of Health and Human Services denying him disability benefits under 42 U.S.C. Sec. 423 (1982).
 
 Background
 
 2
 William Kirksey is a fifty-seven year old certified welder with a seventh grade education. In July 1981, Kirksey's back was injured when someone at work jumped on it. Kirksey later informed examining physicians that he had experienced backaches for several years prior to the incident, but that the pain increased after his injury. That same year, Kirksey was laid off from his job. Until that time, he had worked as a welder for thirty years.[2] Kirksey received treatment for his back injury from a chiropracter, who told Kirksey he had a slipped disc. Periodic chiropractic treatments following the injury helped relieve some of his pain.
 
 
 3
 On April 19, 1984, Kirksey applied for disability benefits claiming dermatitis, high blood pressure, a "bad back," and liver disease as his disabling conditions.[3] On May 22, 1984, Kirksey underwent a consultative examination by Dr. Christine Deignan. Dr. Deignan noted that he had moderate hypertension which was poorly controlled and a rash on his left leg which had no functional significance. She further noted that x-rays revealed degenerative arthritic changes in the lumbar area of his spine and a large bony spur bridging the right side of L1-2. He told Dr. Deignan that he was able to walk the seven or eight blocks to his doctor's appointments without any pain. Dr. Diegnan made no observations as to the existence or extent of Kirksey's disability. On June 29, 1984, Dr. William Minks, after apparently reviewing Kirksey's medical records, concluded that Kirksey had failed to document an impairment which restricts his function. On July 5, 1984, the Secretary denied Kirksey's application for benefits noting that his high blood pressure can be controlled with medication and that his liver tests fall within normal limits. The Secretary also noted that he did not have a back problem of sufficient severity to render him disabled and concluded that he was capable of securing work as a welder.
 
 
 4
 Kirksey was examined by orthopedic doctors at the University of Iowa Hospitals on August 17, 1984, where it was determined that due to the arthritic degeneration of his lower back, Kirksey was permanently unable to pursue heavy labor, but was capable of performing light work. They recommended that he avoid lifting over twenty pounds and constant bending. A second examination by Dr. Ross on September 13, 1984, revealed results identical to the assessment he had given Kirksey a year earlier. Dr. Ross concluded that Kirksey does have low back pain but that there was little in the way of objective findings. He did not believe that Kirksey's symptoms would cause a severe restriction of function. In a report filed with the Secretary by Dr. Cendana, she opined that Kirksey was unable to pursue heavy labor and that he should avoid lifting over twenty pounds.
 
 
 5
 Kirksey requested a hearing which was held before a Social Security Administration Administrative Law Judge (ALJ) on December 20, 1984. At the time of the hearing, Kirksey appeared without counsel and the record demonstrates his inability to fully understand the questions asked him by the ALJ. The ALJ concluded that the arthritic degeneration in Kirksey's spine did render him incapable of performing his past relevant work as a welder. Without indicating whether the burden of proof had shifted to the Secretary, the ALJ concluded that Kirksey was capable of lifting and carrying up to fifty pounds and could thus perform a full range of medium work. Having concluded that Kirksey's allegations of low back pain were not credible, the ALJ found that Kirksey was of an advanced age, had a limited education, and previous work experience as a welder. The ALJ applied Rule 203.12 of the Medical-Vocational Guidelines (see 20 C.F.R. Part 404, Subpart P, Appendix 2 (1986)), and directed a finding of not disabled. The district court affirmed holding that although the ALJ failed to expressly recognize the need to shift the burden of proof to the Secretary once Kirksey had proven he was incapable of returning to his past relevant work, this failure was harmless in this case since the record clearly indicated that Kirksey would have been denied benefits regardless of the allocation of the burden of proof. Kirksey thereafter appealed to this court.
 
 
 6
 This constitutes another case which requires a remand because both the ALJ and the Secretary failed to follow the law now well established in this circuit. The Secretary has committed two basic errors: (1) upon finding that the claimant cannot perform his prior relevant work, the ALJ failed to transfer the burden of proof to the Secretary to show that there exists other gainful activity in the national economy which Kirksey is capable of performing given the nature of his impairment; (2) the ALJ, notwithstanding overwhelming evidence of nonexertional pain, found the allegations of pain not credible and erroneously applied the grid to establish that there was no exertional impairment to prevent the claimant from doing "medium work."
 
 
 7
 It is true that if the evidence on the record as a whole demonstrates that, notwithstanding a finding that the claimant cannot do his prior work, there is available to him other gainful work in the national economy, then the failure of the Secretary to transfer the burden of proof would not constitute reversible error. See, e.g., Lanning v. Heckler, 777 F.2d 1316, 1317 (8th Cir.1985). The district court so ruled. Upon analysis of the record as a whole we cannot agree with this ruling.
 
 
 8
 In the present case the transfer of the burden of proof is critical to the outcome of this case. Here, the Secretary found that Kirksey can do medium work which, according to the Guidelines, involves "lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five pounds." 20 C.F.R. Sec. 404.1567(c) (1986). There exists substantial evidence to support this finding which is corroborated by the reports of Drs. Ross and Minks, consulting general practitioners. On the other hand, Kirksey's examining physician concluded that he should avoid lifting objects of over twenty pounds and should avoid frequent bending. This opinion was corroborated by two orthopedic specialists at the University of Iowa who concluded that Kirksey's impairment was permanent and that he should avoid constant bending and lifting of objects not weighing more than twenty pounds.
 
 
 9
 Aside from this conflicting evidence, what becomes determinative here is whether the Secretary properly used the grid. The Secretary failed to follow the succinct admonitions of this court's en banc opinion in McCoy v. Schweiker, 683 F.2d 1138, 1148 (8th Cir.1982). In that case, we observed, quoting Gagnon v. Secretary of Health and Human Services, 666 F.2d 662, 666 n. 8 (1st Cir.1981):
 
 
 10
 Pain may be a nonexertional factor to be considered in combination with exertional limitations as well as a separate and independent ground for disability. Where pain is considered as a separate ground for disability, of course, it must be severe enough to prevent the claimant from engaging in any substantial gainful employment. Where pain is considered in combination with exertional limitations, however, it need only be found significant enough to prevent the claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.
 
 
 11
 [Emphasis in the original] For a listing of some nonexertional impairments, see also 20 C.F.R. Sec. 404.1545(c), (d). If an individual has a combination of exertional and nonexertional impairments, the Guidelines are first considered to determine whether he is entitled to a finding of disability based on exertional impairments alone. If such a finding is not directed, the ALJ must then consider "how much the individual's work capability is further diminished" by nonexertional impairments. Appendix 2, Sec. 200.00(e)(2). "Also, in these combinations of nonexertional and exertional impairments which cannot be wholly determined under the rules in this Appendix 2, full consideration must be given to all of the relevant facts in the case ..." Ibid. As was stated in Torres v. Secretary of Health and Human Services, [668 F.2d 67 (1st Cir.1981) ], "to make review simpler and to avoid unnecessary reversal, it would make more sense for an ALJ to stay completely away from the guidelines where nonexertional impairments are so significant that the applicant does not possess the residual functional capacity on which the guidelines are predicated." 668 F.2d at 69 (footnote omitted).
 
 
 12
 The fundamental issue is whether the ALJ was correct in discounting the evidence of claimant's pain as a nonexertional impairment. We think the ALJ clearly erred. Kirksey's degenerative joint disease is not disabling in itself. Such disease impairs functional activity only because of the pain accompanying it. The ALJ's credibility finding was based in part on the fact that the claimant did not have pain because he is able to visit with neighbors. As government counsel conceded at oral argument, such a finding borders on the ridiculous. Virtually every medical report made after March, 1984, corroborates that the claimant has disabling pain. Objective medical evidence also corroborates this pain. X-rays show a narrowing of the L1-2 disc space and a osteophyte formation in that area.
 
 
 13
 We therefore conclude that there was substantial evidence on the record as a whole to find sufficient nonexertional impairment to prevent the claimant from engaging in the full range of jobs contemplated by the medium work category.[4]
 
 
 14
 We therefore come full circle to the basic problem involved here. If the Secretary is to assume the burden of proof, as is required by the multitude of our cases, see Tucker v. Heckler, 776 F.2d 793 (8th Cir.1985), because of the ALJ's finding that Kirksey can no longer engage in his past occupation, it is not clear whether the Secretary has proven that there are jobs within the national economy which the claimant can pursue.
 
 
 15
 We do not make a finding of disability against the Secretary. First, the evidence is conflicting as to the extent of the disability. Second, it is better that the Secretary be allowed to explore other evidentiary means to establish what jobs exist that claimant might still pursue.
 
 
 16
 The judgment of the district court is reversed and the case remanded to the district court with instructions to remand to the Secretary for further proceedings in accord with this opinion.
 
 
 
 [1]
 The Honorable William C. Stuart, United States District Court for the Southern District of Iowa, presiding
 
 
 [2]
 Aside from a short stint of work as a janitor from August of 1983 to March, 1984, Kirksey has been unemployed since his layoff. He stated that he had to quit the janitorial work because his back pain had become so bad that he "couldn't get out of bed" and his doctor advised him to stop working
 
 
 [3]
 Kirksey had been denied a previous application for disability filed in June, 1983
 
 
 [4]
 It is noteworthy that the government counsel conceded at oral argument that the claimant could only do light work. If this is established on remand, considering the claimant's age, his limited education, and the nontransferability of his work skills, it may be that Rule 202.02 of the Guidelines would indicate that the claimant is disabled. However, this is for the Secretary to determine on remand from the whole of the record