**CHEVRON, U.S.A., INC.,
Plaintiff-Appellee,**

v.

**Beth HAND, now known as Beth Hand
Charles, Defendant-Appellant.**

No. 84–1954.

United States Court of Appeals,
Tenth Circuit.

June 7, 1985.

Benjamin M. Sherman of Sherman and Sherman, P.C., Deming, N.M., for defendant-appellant.

Jeffrey R. Brannen and Galen M. Buller of Montgomery & Andrews, P.A., Santa Fe, N.M., for plaintiff-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

This is an appeal from the district court's denial of the defendant Beth Hand Charles' 60(b) motion seeking to set aside a stipulation by the parties dismissing the lawsuit purportedly entered into on the defendants' behalf by their attorneys of record.

The district court found that the attorneys had been authorized by all of the defendants to enter the stipulation and that the motion to set aside the stipulation was brought frivolously and for the purpose of delay. Therefore, the district court both denied the defendants' motion and entered an order assessing costs and attorneys' fees against defendants for having brought the motion.

The lawsuit was brought by Chevron, Inc. against defendant Ed Babers, Inc. for

collection of a debt, and against the defendants Kenneth Hand and Beth Charles as guarantors of the Ed Babers, Inc. liabilities. After extended negotiations, attorneys for Chevron and attorneys for the defendants entered into a stipulation and dismissal that was filed on February 27, 1984. Defendants Ed Babers, Inc. and Kenneth Hand supported the stipulation as having been authorized by them and did not join in defendant Charles' 60(b) attack on the stipulation. At the hearing on the motion Ms. Charles testified that she had never given authority to her attorney to sign a stipulation on her behalf. She did, however, testify that the terms of the agreement were most favorable but that she simply could not live with the agreement at that time. On the other hand, Ms. Charles' attorney testified that he had met with his client the day before he signed the stipulation. In that meeting she informed him that she agreed that the stipulation was a good agreement and that he was authorized to sign the stipulation, but that in order to delay its entry until she was able to find another source of supply, she would hire another attorney to attempt to have the stipulation set aside. In addition to this evidence, both defendant Hand and his attorney testified that they had met with Ms. Charles on February 15th and had fully explained all of the provisions of the stipulation to her at that time. Ms. Charles admitted attending the February 15th and February 20th meetings but, as noted above, her version of what transpired at those meetings is somewhat different from that of the other witnesses.

■ Based on this evidence, the district court was faced with a factual issue that turned exclusively on the credibility of the witnesses in the proceeding. This court would be hard-pressed to reverse the district court's findings of fact in this situation. We have recently been instructed by the Supreme Court that "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City*, — U.S. —, —, 105 S.Ct. 1504, 1513, 84 L.Ed.2d 518 (1985). Therefore, unless there was some injustice in the 60(b) hearing, the district court's findings and decision will not be disturbed.

Defendant claims that she was denied due process in the 60(b) hearing. She asserts that her counsel was denied the opportunity to introduce rebuttal evidence after Chevron's case and, in a similar vein, she claims her attorney was denied the opportunity to make a closing argument. Defendant attempts to support this claim merely by pointing out that at the end of Chevron's case the district court, without asking whether defendant had any rebuttal evidence to offer, announced to the parties that he was ready to make his judgment. The court then proceeded to make findings of fact and conclusions of law. At no time, however, did defendant's attorney request an opportunity to introduce rebuttal evidence or to make a closing argument.

■ Defendant cites several state court cases that stand for nothing more than the proposition that a trial court should not deny the opportunity to introduce evidence to a party that is ready and willing to do so. While we agree with the defendant that she was entitled to offer rebuttal evidence and that it would have been an abuse of discretion for the district court to have refused such evidence had it been proffered, we find that by failing to point out to the district court that she had rebuttal evidence to proffer, defendant waived her right to introduce that evidence. It is well established in this circuit that "a party may not sit idly by, watching error being committed, and then raise the claimed error on appeal without having accorded the trial court the opportunity to correct its action." *Gundy v. United States*, 728 F.2d 484, 488 (10th Cir.1984). Ms. Charles was represented by three attorneys in the hearing below, and on several occasions during the hearing the attor-

ney handling her case interrupted the trial court to ask additional questions of a witness after having relinquished the examination. In each of these instances the trial court freely allowed the attorney to proceed. There is no reason to credit defendant's argument that an attempt to offer rebuttal evidence would have been futile because the court would have refused to hear it. We therefore find that defendant waived her right to offer rebuttal evidence. Similar analysis leads us to conclude that she waived whatever right she may have had to make a closing argument. There was no fundamental error in the hearing that deprived the defendant of due process. We therefore conclude that the district court's decision cannot be reversed.

With respect to the award of attorney's fees under Rule 11, we find that the district court did not abuse its discretion. Defendant's reliance upon the American rule—that attorney's fees are not ordinarily recoverable—is misplaced. Put simply, this is not the ordinary case. The recently amended Rule 11 of the Federal Rules of Civil Procedure provides that the person signing any pleading, motion or other paper certifies that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper is signed in violation of this rule, the court "shall" impose upon the person who signed it, or the represented party, or both, appropriate sanctions, which may include an order to pay the other party the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The present case could have been decided in two ways. The district court could have credited the testimony of Ms. Charles and found that the stipulation had never been authorized by her, or he could—as he did—credit the testimony of Ms. Charles' attorney and find that the stipulation had indeed been authorized by her and that the 60(b) motion was therefore brought solely for the purpose of causing delay. Under the clear language of Rule 11, the posture of this case re-quired the district court to enter an appropriate sanction. He had the discretion to include in that sanction both costs and attorney's fees. In this decision the district court was clearly justified. Rule 11 directs that the sanction should fall upon the individual responsible for the filing of the offending document. In a given case this could be the attorney, the client, or both. In this case the evidence was sufficient to support the district court's implicit assumption that Ms. Charles was the catalyst behind this frivolous motion. The sanction therefore properly falls on her.

The decision of the district court is in all respects affirmed.