**SEALTITE CORPORATION, Standish Corporation, Plaintiffs,**

v.

**GENERAL SERVICES ADMINISTRATION, William Bounds, the Regional Administrator of the GSA, Defendants.**

**Civ. A. No. 85–K–193.**

United States District Court,
D. Colorado.

July 24, 1985.

---

Robert P. Manning, Cogswell & Wehrle, Denver, Colo., for plaintiffs.

Coleen L. Conlin, Asst. U.S. Atty., Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This is an action for the return of property brought by the Sealtite and Standish corporations against the General Services Administration and its regional administrator. It involves a dispute which arose under government contract No. GS–08B–81072, under which Sealtite was to perform an energy conservation retrofit on Building 50 at the Denver Federal Center. Defendants have moved to dismiss for lack of subject matter jurisdiction.

Plaintiffs invoke jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), § 1361 (mandamus), and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Defendants assert that the dispute, being grounded in contract and involving a controversy in excess of $10,000, is exclusively within the jurisdiction of the Court of Claims under the Contract Disputes Act, 41 U.S.C. § 601 *et seq.* and the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491.

Subject matter jurisdiction does not exist. I dismiss the complaint. Further, *sua sponte,* I award defendants the costs of responding to this action, including reason-

able attorney fees, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## I.

The pertinent facts are as follows. On April 15, 1983, the parties entered into a $189,187 contract to retrofit Building 50 at the Federal Center. In accordance with the contract, Sealtite began work. In April, 1984, a dispute arose regarding payments which Sealtite considered over and above the contract price. When these payments were denied by the government, Sealtite ceased performance under the contract and the contract remains unperformed to date.

When Sealtite left the job site, the government secured the site and barred Sealtite from access to materials which it had supplied for the job. Sealtite claims it is entitled to these materials. The primary item is insulation which has not yet been installed worth approximately $15,000.

The contract between the parties provided for resolution of all disputes in accordance with the Contract Disputes Act.[1] On September 26, 1983, the contracting officer denied Sealtite's claim for the insulation on the grounds that the government had made payment for material as required under the contract, including the insulation.[2] On reconsideration, the contracting officer again denied the claim and notified Sealtite that the government was terminating the contract for default as of March 28, 1984. Sealtite then appealed this decision to the General Services Board of Contract Appeals. On May 1, 1984, the GSBCA docketed this appeal as No. 7458[3]. It is still pending. Sealtite commenced this action on January 28, 1985.

## II.

In *S.J. Groves & Sons Co. v. United States*, 495 F.Supp. 201 (1980), I held that where a claim is essentially grounded in contract, and adequate resolution is available under established procedures for review of decisions made regarding government contracts, a dispute rests exclusively with the Court of Claims where the amount in controversy exceeds $10,000. I also noted in dictum that although the Contract Disputes Act of 1978 was not controlling in that case, it nevertheless gives the Court of Claims exclusive jurisdiction over disputes regarding government contracts. *Groves*, 495 F.Supp. at 207, n. 7.

The plaintiff in *Groves* attempted to invoke jurisdiction in precisely the same three ways as Sealtite does in the complaint before me. Sealtite's reasons for doing so are no more persuasive. For the reasons expounded in *Groves*, I reject all three bases for jurisdiction.

■ The Contract Disputes Act provides for review of contract dispute decisions by only two methods: (1) appeal of a contracting officer's decision to the Board of Contract Appeals (*see* 41 U.S.C. § 606); or (2) direct relief from the Court of Claims (*see* 41 U.S.C. § 609). *Group Health Inc. v. Schweiker*, 549 F.Supp. 135 (S.D.Fla.1982). Once a contractor makes an election to go to the Board of Contract Appeals, it has chosen the means of review.

■ This suit is nothing more than a second attempt to gain possession of materials. The contracting officer has already ruled in favor of the GSA. Plaintiffs' attempt to circumvent the Contract Disputes Act by characterizing this dispute as an action in replevin, or for the return of property, must fail.

## III.

■ I further find that the complaint in this action is not grounded in fact or law. The plaintiffs' attempt to invoke this court's jurisdiction is no more than a duplication of the proceedings before the

---

**1.** *See* defendants' motion to dismiss, paragraph 2.

**2.** *See* defendants' motion to dismiss, exhibit B.

**3.** *See* defendants' motion to dismiss, exhibit D.

GSBCA. Because this claim needlessly expands the scope of litigation, it is grounds for sanctions under Rule 11 of the Federal Rules of Civil Procedure. *Weir v. Lehman Newspaper, Inc.*, 105 F.R.D. 574 (1985). I would be remiss in my duty if I did not impose sanctions.[4]

 As discussed in the advisory notes to Rule 11, the rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances." As I noted in *Weir*, Rule 11 imposes a personal duty on the attorney to "stop, think and investigate" before filing a pleading. *Rothschild, Fenton and Swanson,* Rule 11: Stop, Think, and Investigate, Vol. 11 No. 2 Litigation 13 (Winter 1985). I do not find that the complaint is based on a plausible view of the law. Since the attorney here had no objective basis to believe that his clients' claims were warranted by existing law, or a good faith extension, modification, or reversal of existing law, sanctions should be imposed.

It is therefore ORDERED that this action be dismissed.

It is further ORDERED that plaintiffs' counsel bear all costs of this action, including reasonable attorney fees. Defendants shall file with this court, on or before August 5, 1985, affidavits and contemporaneous time records indicating the appropriateness of the amounts requested. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983). Plaintiffs' counsel may respond to defendants' filing on or before August 19, 1985.

The complaint and civil action are dismissed.

---

**4.** Rule 11 imposes an affirmative duty on judges to impose sanctions. "[T]he words 'shall impose' in the last sentence focus the court's attention on the need to impose sanctions for pleading and motion abuses." Advisory Notes to the

1983 Amendments to Rule 11. It is also my responsibility under Canon 1 of the Code of Judicial Conduct to uphold the integrity and independence of the judiciary by enforcing high standards of conduct.