The ANESTHESIA ADVANTAGE, INC., a Colorado corporation; Konstantine Kalandros, CRNA; Scott McGlothen, CRNA; G. Edward Oswald, CRNA; and Raymond Golden, CRNA, Plaintiffs,

v.

The METZ GROUP, an unincorporated association; David Heisterkamp, M.D.; Joseph Verbrugge, M.D.; Stephen Caputo, M.D.; Ronald Stevens, M.D.; Javier Fischer, M.D.; Eric Steiner, M.D.; Anesthesia Associates, P.C.; a Colorado professional corporation; Peter Press, M.D.; and Humana Hospital of Aurora, a Colorado corporation, Defendants.

Civ. A. No. 86–B–1235.

United States District Court,
D. Colorado.

Feb. 24, 1989.

Daniel S. Koch, Susan M. Jenkins, Quinn, Racusin, Jenkins & Ruttenberg, Washington, D.C., J. Nicholas McKeever, Jr., Netzorg and McKeever, Denver, Colo., for plaintiffs.

Richard Bayer, Kutak, Rock & Campbell, James E. Hartley, Gregory R. Piche, Holland & Hart, Denver, Colo., Miles Cortez, Cortez & Friedman, Englewood, Colo., Robert R. Montgomery, Montgomery, Little, Young, Campbell & McGrew, P.C., Englewood, Colo., Fred M. Winner, James Hinga, Raymond Miller, Denver, Colo., Susan J. Trout, Englewood, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on Defendant Valentine's motion to dismiss or be removed as a party pursuant to Fed.R.Civ. P. 12 and 21 and for sanctions against plaintiffs and their attorneys pursuant to Fed.R.Civ.P. 11, or alternatively under 28 U.S.C. § 1927. Plaintiffs' cross-motion for sanctions against Defendant Valentine and his counsel also pursuant to Fed.R.Civ.P. 11, or alternatively under 28 U.S.C. § 1927.

As noted in the companion opinion and order issued in this case, 708 F.Supp. 1171 this anti-trust action concerns allegations by Plaintiff nurse-anesthetists and their anesthetist professional organization that Defendant physician anesthesiologists and their professional group illegally prevented Plaintiffs from competing for anesthesia services at three Colorado hospitals.

### I.

*Motion to Dismiss or Remove Defendant Valentine as a Party*

Defendant Valentine moves this Court to order his dismissal or, in the alternative, to remove him as a party from this action.

Fed.R.Civ.P. 15 refers in general matters to changes in the pleadings by amendment, including the addition or deletion of parties. Fed.R.Civ.P. 21 refers in more specific terms to changes in the parties by adding

or dropping parties. "Any conflict or ambiguity which results from a comparison of two rules must be resolved in favor of the specific and against the general. Thus, ... Rule 21 ... controls and, to that extent, limits Rule 15(a), F.R.C.P." *Pacific Gas and Electric Co. v. Fibreboard Products, Inc.*, 116 F.Supp. 377, 382 (N.D.Cal.1953). Rule 21 provides, in pertinent part, that parties may be dropped by order of the court on motion of any party at any stage of the action.

The original complaint in this case filed in June 1986 named Valentine as a defendant. Valentine filed his answer in August 1986. In February 1987, Plaintiffs filed an amended complaint which did not name Valentine as a Defendant.

Since prior to this motion by Valentine no party had moved for an order of the Court to drop Valentine as a party, Valentine has remained a party to this action. Pursuant to Rule 21, Valentine is entitled to be dismissed from the action.

## II.

### *Defendant Valentine's Motion for Rule 11 Sanctions*

In support of his motion for Rule 11 sanctions, Valentine argues that the complaint against him was not grounded in law or fact. Neither, he argues, was it warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. He also contends that the complaint against him was filed in bad faith. I disagree.

■ To recover sanctions based upon the provisions of Rule 11, a party must show that his opponent's actions were unfounded in light of the law as it currently exists or as it might develop and in light of supporting facts which might be established. *Weir v. Lehman Newspapers, Inc.*, 105 F.R.D. 574 (D.Colo.1985). Some prefiling inquiry into both the facts and the law is necessary. The standard is one of reasonableness under the circumstances. *Burkhart v. Kinsley Bank*, 804 F.2d 588 (10th Cir.1986), citing Notes of Advisory Committee on Rules, Rule 11, 1983 Amendment.

■ Existing law in the anti-trust area includes the following: Combinations can provide the basis for liability under § 1 of the Sherman Act. *See Black Gold, Ltd., v. Rockwool Industries, Inc.*, 732 F.2d 779 (10th Cir.1984), *cert. denied*, 469 U.S. 854, 105 S.Ct. 178, 83 L.Ed.2d 113 (1984). Unincorporated associations consisting of otherwise competing entities are combinations under § 1 of the Sherman Act. *Associated Press v. U.S.*, 326 U.S. 1, 65 S.Ct. 1416, 89 L.Ed. 2013 (1945). Groups of competing physicians may be combinations under § 1 of the Sherman Act. *Weiss v. York Hospital*, 745 F.2d 786 (3rd Cir.1984), *cert. denied*, 470 U.S. 1060, 105 S.Ct. 1777, 84 L.Ed.2d 836 (1985).

■ The Metz Group, to which Valentine belonged as an associate member, is an unincorporated association consisting of otherwise competing physicians. Therefore, The Metz Group is properly characterized as a combination.

■ A person becomes liable as a conspirator if he knows of the existence of the conspiracy, agrees to become a party, and with that knowledge commits some act in furtherance of the conspiracy. *Tri–R Systems, Ltd. v. Friedman & Sons, Inc.*, 518 F.Supp. 1271 (D.Colo.1981). This knowledge and participation may be inferred from circumstances, acts, and conduct of the parties. *United States v. Wilshire Oil Co. of Texas*, 427 F.2d 969 (10th Cir.1970). Each member of a combination or conspiracy is liable for his coconspirator's acts as long as he remains an active participant in the conspiracy. *Esco Corp. v. United States*, 340 F.2d 1000 (9th Cir.1965). Often, due to their nature, conspiracies can only be proved by inferences drawn from circumstantial evidence, including the conduct of the defendants charged. *Esco, supra., Reazin v. Blue Cross and Blue Shield of Kansas*, 635 F.Supp. 1287 (D.Kan.1986).

Contained in Defendants' affidavits are assertions, *inter alia*, that: Valentine attended and participated in Defendant Metz Group meetings; Valentine supported the distribution at Humana of information de-

trimental to nurse-anesthetists; he personally distributed information detrimental to nurse-anesthetists at a nondefendant hospital; he attended a meeting at Humana at which the anesthesia department voted to restrict CRNA privileges; and he attended and participated in a meeting of the department of obstetrics and gynecology at St. Luke's at which Metz Group members sought to convince the OB department to reject a proposal for CRNA coverage of the department and accept a proposal by another physician which restricted CRNA practice.

■ On the basis of the foregoing, it is the opinion of this Court that it was reasonable under existing law and the circumstances of this case for Plaintiffs' to have named Valentine as a defendant. Therefore, there is no basis to impose sanctions against Plaintiff's counsel based on Rule 11.

### III.

*Defendant Valentine's motion for sanctions under 28 U.S.C. § 1927*

■ In the alternative, Valentine moves for sanctions under 28 U.S.C. § 1927 which provides:

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"The proper standard under ... § 1927 is that [sanctions may be imposed] against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504 (10th Cir.1987).

Although Valentine was named in the original complaint, he was dropped from the action in the amended complaint for reasons which, according to Plaintiffs' counsel's affidavit, were "tactical and strategic." Moreover, as noted in part II above, this Court finds that it was reason-able for Plaintiffs to name Valentine in the original complaint.

Under these circumstances, I find no basis for the imposition of § 1927 sanctions against Plaintiffs' attorneys.

### IV.

*Plaintiffs' Cross–Motion for Sanctions under Rule 11 and 28 U.S.C. § 1927 against Valentine and his Counsel*

The arguments advanced by defendant Valentine in support of his motion for dismissal or removal of a party are meritorious. *See* § I, *supra*. Therefore, this Court will not grant sanctions against Defendant Valentine or his counsel under either Rule 11 or § 1927.

ACCORDINGLY, IT IS ORDERED:

1. Defendant Valentine's motion for dismissal or removal as a party is GRANTED.

2. Defendant Valentine's motion for sanctions is DENIED.

3. Plaintiffs' cross-motion for sanctions is DENIED.