TERRESTRIAL SYSTEMS, INC., Plaintiff,

v.

Larry FENSTEMAKER; Keith Ericson; Frequency Measuring Service, Inc.; Frank R. Baldwin; Ruth J. Hanson; Maurene Tesler; Charles M. Nelson; Olga J. Nelson, Defendants,

and

John W. Joshua; Natalie B. Joshua, Defendants.

Civ. A. No. 86–F–1626.

United States District Court, D. Colorado.

Aug. 22, 1990.

Michael B. Murphy, Michael L. Glaser, Denver, Colo., for plaintiff.

Don D. Jacobson, Denver, Colo., for defendants John W. and Natalie B. Joshua.

## ORDER ON REMAND FOR ATTORNEY FEES AND COSTS

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on remand from the United States Court of Appeals for the Tenth Circuit on the question of attorney fees and court costs. *Terrestrial Systems, Inc. v. Fenstemaker,* No. 88–1082, slip op. (July 25, 1989). In its complaint plaintiff, a commercial pay television service, alleges numerous defendants used equipment for unauthorized interception and reception of broadcast services in violation of 47 U.S.C. § 605 (unauthorized use of communications) and Colo. Rev.Stat. § 18–4–701 *et seq.* (theft of cable television service). Jurisdiction is based on 28 U.S.C. § 1331 and principles of pendent jurisdiction. The following constitute our findings of fact and conclusions of law.

## I. PROCEDURAL BACKGROUND

This action commenced on July 30, 1986. Significant pretrial disputes surfaced between plaintiff and defendants John W. Joshua and Natalie B. Joshua. According to defendants plaintiff refused to comply with discovery requests. To that end defendants filed several motions to obtain satisfactory answers to proffered interrogatories. Defendants obtained two orders from the court directing plaintiff to provide pretrial discovery. On December 17, 1987 plaintiff filed motion to dismiss all claims for relief, which the court granted on December 18, 1987. The court denied motions for attorney fees, costs and sanctions filed by defendants.

Defendants appealed and the court of appeals reversed and directed this court to determine the question of attorney fees to be awarded under applicable Colorado law. We encouraged parties to informally resolve this matter however settlement was not reached.

## II. STATUTORY AWARD OF FEES AND COSTS

Colorado Revised Statutes § 18–4–702(3) states that in any action for civil theft of cable television service the prevailing party shall be entitled to an award for his reasonable attorney fees. Colorado Revised Statutes § 13–17–102 is the general Colorado provision for attorney fees in civil actions. A court may award fees under this statute against a party who brings or defends an action that either in whole or in part lacked substantive justification. Party seeking fees under this statute is entitled to hearing on the issue and the court must enter findings and conclusions. Fees shall not be awarded if voluntary dismissal is filed as to any claim or action within a reasonable time after the attorney filing dismissal knew or reasonably should have known that he would not prevail on the action or claim. The issue of fees under § 13–17–102 may be mooted by recovery of fees under § 18–4–702(3).

These statutes authorize award of fees and costs and must be distinguished from Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. Rule 11 and § 1927 authorize or require the court to impose personal liability for fees against counsel under limited circumstances. The calculation that follows reflects fees to which defendants are entitled. Discussion of personal liability of counsel for plaintiff is also discussed below.

## III. CALCULATION OF FEES AND COSTS

■ On August 1 and 6, 1990 this court held hearings to determine appropriate amount of attorney fees and sanctions, if any. Appearing at both hearings were Don D. Jacobson, Esq., counsel for defendants Joshuas, and Michael Glaser, Esq., formerly of the Denver office of Gardner, Carton & Douglas, the law firm representing plaintiff. Counsel for plaintiff has had no contact with plaintiff for many months. Mr. Glaser testified at the hearing.

As prevailing party defendants are entitled to fees pursuant to Colo.Rev.Stat. § 18–4–702(3). Our calculation of fees is based on the "lodestar" approach and general principles promulgated in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983). The lodestar analysis was first discussed in *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) and *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir.1976) (appeal after remand). Under this method the court initially determines number of actual hours expended on the case, hours reasonably expended and a reasonable hourly rate. The latter two elements multiplied establish the "lodestar". Thereafter the court may adjust the lodestar up or down based on certain factors. *See generally Brewer v. Southern Union Co.*, 607 F.Supp. 1511 (D.Colo.1984).

While the lodestar approach is a workable yardstick we note that the award and amount of fees is within sound discretion of the court. *Battle v. Anderson*, 614 F.2d 251 (10th Cir.1980); *Keyes v. School Dist.*

*No. 1, Denver, Colorado*, 439 F.Supp. 393 (D.Colo.1977).

We have considered the actual hours expended by counsel as well as hours that reasonably should have been expended in the litigation. We have considered the affidavit filed by counsel for defendants. It contains a detailed itemization of fees and costs incurred in defending this litigation. Counsel seeks $8,326.50 in fees and $331.01 in costs. We recognize that defense counsel's calculation contains several clerical errors, and is not explicit as to every task performed. *See* Defendant's Exhibit 1. However the itemization is sufficient to determine pivotal issues. Counsel submits that he actually expended 90.3 hours; his legal assistant 5.7 hours. We find counsel for the Joshuas reasonably expended 80 hours in defending this action and in successfully appealing this court's order denying attorney fees. Counsel's legal assistant reasonably expended 5.7 hours.

Counsel is entitled to the hourly rate of $90.00 as compensation for defending this litigation and successfully appealing this court's prior order. Counsel's legal assistant is entitled to hourly rate of $35.00. We have considered and reject plaintiff's contention that fees for successful appeal should not be awarded.

Accordingly the lodestar figure in this matter is $7,399.50, or the sum of 80 hours multiplied by the hourly rate of $90.00 and 5.7 hours multiplied by the hourly rate of $35.00.

■ The court may in its discretion adjust this figure up or down based on (1) contingent nature of success in the action; (2) quality of the work performed; (3) magnitude and complexity of litigation; (4) benefits conferred; (5) time and effort expended by counsel; (6) considerations of public policy; and (7) pre-existing fee arrangements. *Keyes, supra; Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). Adjustment is not warranted in this matter.

## IV. AUTHORITY TO IMPOSE SANCTIONS

Defendants contend this action was instituted and maintained in bad faith and that

plaintiff's refusal to provide discovery despite court orders contravenes federal and state rules of procedure. Defendants seek to impose personal liability on counsel for plaintiff for fees incurred in defense of this action.

■ For abuse of the litigation process in some limited ways counsel may be personally liable for attorney fees. The language of Rule 11 imposes an affirmative duty on judges to impose sanctions when the rule has been violated. *Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184, 1187 (10th Cir.1985); *Sealtite Corp. v. General Serv. Admin.,* 614 F.Supp. 352 (D.Colo. 1985). Where a complaint violates Rule 11 by being neither well grounded in fact nor warranted by existing law or for a logical extension of such law, or by being interposed for an improper purpose, a court has the duty to impose sanctions sua sponte, if necessary. *See* Vairo, *Rule 11: A Critical Analysis,* 118 F.R.D. 189, 193 (1988).

Federal Rule of Civil Procedure 11 states:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. Except when otherwise specially provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper, that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The court may also impose sanctions pursuant to 28 U.S.C. § 1927. That statute states counsel that so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney fees reasonably incurred because of such conduct. As amended Sept. 12, 1980, Pub.L. 96–349, § 3, 94 Stat. 1156.[1]

## V. STANDARDS

Language of Rule 11 is designed to reduce the reluctance of courts to impose sanctions by emphasizing the obligations of the attorney and reinforcing those obligations by imposition of sanctions. *See* Advisory Committee Notes to 1983 Amendment.

■ Attorneys have an affirmative duty to make reasonable inquiry into both the facts and the law relevant to their pleadings and motions prior to signature. *See* Advisory Committee Notes to 1983 Amendment; *Napier v. Thirty or More Unidentified Federal Agents,* 855 F.2d 1080, 1091 (3rd Cir.1988). Moreover, Rule 11 clearly provides that by signing a plead-

---

**1.** We note that pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 a court of appeals may award just damages and single or double costs if the court determines that an appeal is frivolous or brought for purposes of delay. *Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989).

ing an attorney or party certifies not only that there is a reasonable basis for filing, but also that the pleading has not been interposed for any improper purpose. If there is no objective basis for an attorney's belief that his client's claims are warranted by existing law or good-faith extension, modification, or reversal of existing law then sanctions should be imposed. *See Woodfork v. Gavin*, 105 F.R.D. 100 (N.D. Miss.1985). Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys to ensure fair and efficient management of their dockets, promote judicial efficiency and deter frivolous filings. *Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1357 n. 7 (10th Cir.1985).

 Rule 11 makes good faith irrelevant. *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3rd Cir.1986). A showing of subjective bad faith is no longer necessary to the imposition of fees. The standard by which to evaluate the conduct of litigation is objective reasonableness, that is, whether a reasonable attorney admitted to practice before the district court would file such a document. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir.1988). The attorney must make a reasonable inquiry as to whether the pleading is well grounded in fact and warranted by existing law. *Id.* The moving party must show opponent's actions were unfounded in light of the law as it currently exists or as it might develop and in light of supporting facts which might be established. *Anesthesia Advantage, Inc. v. Metz Group*, 708 F.Supp. 1180, 1182 (D.Colo.1989). The Tenth Circuit recently clarified and affirmed that the court should apply an abuse-of-discretion standard to all Rule 11 cases. *Adamson, supra*, 855 F.2d at 673; *Burkhart v. Kinsley Bank*, 852 F.2d 512, 515 (10th Cir.1988). The Tenth Circuit has stated that a court must explicitly weigh whether sanctions against the offending attorney will not serve the court's legitimate purpose in imposing sanctions. *Id.*

 An award of monetary sanctions under Rule 11 is limited to reasonable expenses incurred, including reasonable attorney fees. *See Chevron, U.S.A., Inc. v. Hand*, 763 F.2d 1184 (10th Cir.1985). Sanctions are not measured by actual expenses and fees, but rather by the court's discretionary determination of reasonable expenses and fees. *See Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983). Attorney fees should be assessed only for time spent responding to the frivolous pleading. *Eastway Constr. Corp. v. New York*, 637 F.Supp. 558, 570 (E.D.N.Y.1986). Rule 11 sanctions may be imposed only upon the individual attorney who signs the paper and not on attorney's law firm. *Pavelic & LeFlore v. Marvel Entertainment Group*, —— U.S. ——, 110 S.Ct. 456, 459, 107 L.Ed.2d 438 (1989).

## VI. DETERMINATION AS TO SANCTIONS

 In fashioning appropriate sanctions under Rule 11 we remain cognizant of maintaining the important balance between employing an effective deterrent to abuse of the litigation process and encouraging zealousness in representation of the client. Threat of Rule sanctions must not add another weapon to counsel's well-stocked arsenal.

Mr. Glaser, counsel for plaintiff, contends defendants are not entitled to fees for hours expended on the appeal and that the lawsuit was brought in good faith and that sanctions under Fed.R.Civ.P. 11 are not warranted. In opposition to imposition of sanctions Mr. Glaser states the complaint was instituted only after extensive investigation into validity of plaintiff's claims. Plaintiff had methodically investigated the number of illegal antennas operating in the Denver metropolitan area. Plaintiff's representatives videotaped or photographed all antennas in the area allegedly identified as illegal. Plaintiff identified the address of the residences possessing the antennas and the owners of the property through tax assessment records. Owners' names were cross-checked against plaintiff's subscriber list to verify the individual was not a subscriber. This process identified approximately 1,500 potential defendants.

After further investigation and counsel's evaluation plaintiff filed initial class action claims based on federal and state law. The class action would have joined all alleged defendant wrongdoers. Mr. Glaser states plaintiff's decision to voluntarily dismiss claims on December 17, 1987 was based on several factors, including: this court's denial of plaintiff's motion for certification of defendants as a class; discussion at conference before United States Magistrate Donald E. Abram in which the Magistrate urged plaintiff to either settle or dismiss all claims due to financial burden of pursuing individual claims; and possibility of imposition of fees for court-appointed experts. In sum, Mr. Glaser contends the cause of action was dismissed when pursuit of individual claims clearly became cost-prohibitive.

However we note several disturbing aspects of this litigation. On August 27, 1987 we denied plaintiff's request for certification of defendants as a class pursuant to Fed.R.Civ.P. 23(c)(1). Plaintiff sought certification in this manner due to the size of the potential class, about 300 individuals. However the potential recovery against each defendant was approximately $230.00, possibly trebled under state law. The initial administrative costs in prosecuting this action as a defendant class action likely would have exceeded recovery against any individual. Plaintiff's failure to cooperate in discovery required defendants to obtain orders from this court compelling discovery. Despite urging from this court as well as an experienced United States Magistrate to settle all claims plaintiff did not move to dismiss the action until December 17, 1987.

 We do not take our discretion to impose sanctions lightly. Sanctions should be imposed with the utmost consideration and circumspection. We will, however, impose sanctions in an appropriate case. *See Chevron, U.S.A., Inc. v. Hand*, 763 F.2d 1184 (10th Cir.1985). The spirit of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 imposes a continuing obligation on attorneys to reassess claims and previous court submissions; counsel's responsibilities continue throughout the litigation. *See Robinson v. National Cash Register Co.*, 808 F.2d 1119 (5th Cir.1987); *Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783 (5th Cir.1986). Litigants continuing with claims after being warned of their frivolity or lack of factual foundation may be sanctioned. *Long v. Quantex Resources, Inc.*, 108 F.R.D. 416 (S.D.N.Y.1985). Clearly an attorney's failure to prevent abuse of the litigation process subsequent to filing complaint may be basis for sanctions. *See Basch v. Westinghouse Electric Corp.*, 777 F.2d 165 (4th Cir.1985), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986).

While this is a close case whether sanctions should be imposed, we exercise our discretion and refrain from imposing sanctions personally against counsel for plaintiff. Our decision is especially difficult considering that several definitive rulings significantly altered the complexion of this litigation. The evolving status was cause for reflection as to continued pursuit of claims. Moreover the evolution of the litigation raises serious doubts as to whether delays in discovery were warranted.

However we find plaintiff's counsel exercised reasonable inquiry into factual and legal foundation of plaintiff's claims. At time of filing the complaint did not lack substantial justification, based on counsel's experience in telecommunications litigation. The complaint was not interposed for the purpose of delay or harassment. Voluntary dismissal of the complaint on December 17, 1987, though prejudicial to several parties, does not warrant sanctions against counsel. Upon review of the court's files, submissions and testimony of counsel, exhibits admitted at the hearings, relevant law, itemization of hours expended by defendants' counsel in this litigation and relevant law we do not find that plaintiffs' counsel is personally liable for attorney fees in this litigation.

## VII. ORDER

ACCORDINGLY IT IS ORDERED that the request of attorney fees and costs filed by defendants the Joshuas is GRANTED. The Clerk of the Court is DIRECTED to

enter judgment in favor of defendants John W. Joshua and Natalie B. Joshua, and against plaintiff Terrestrial Systems, Inc., for attorney fees in the amount of $7,399.50.

IT IS FURTHER ORDERED that the Joshuas are entitled to costs as allowed under 28 U.S.C. § 1920 upon filing of a bill of costs with the Clerk of the Court.

IT IS FURTHER ORDERED that defendants' motion for sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 is DENIED.