John Paul JONES, Plaintiff,

v.

Louis SULLIVAN, Secretary of Health and Human Services, Defendant.

No. 91–4088–CV–C–5.

United States District Court,
W.D. Missouri,
Central Division.

Nov. 12, 1991.

Karen Kraus Bill, Harlan, Harlan, Still & Bill, Columbia, Mo., for plaintiff.

Jerry L. Short, U.S. Atty's Office, Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before the Court are cross-motions for summary judgment. This action is a review of the final decision of the Secretary of Health and Human Services with respect to plaintiff's application for disability benefits under 42 U.S.C. § 401 *et seq. See* 42 U.S.C.A. § 405(g) (grants jurisdiction for review of final decision). For the following reasons, the Court grants plaintiff's motion for summary judgment and remands this case to the Secretary. Final judgment as to the summary judgment motions shall be entered. The Court retains jurisdiction to determine whether Rule 11 sanctions should be imposed.

### I. Factual Background

At the hearing held March 23, 1990, plaintiff testified that he was 59 years old and weighed 215 pounds. Plaintiff said he was a widower who lived with his niece in a trailer. He earned a GED certificate and completed an 18–month course in diesel mechanics.

Mr. Jones worked as a diesel mechanic until December 16, 1987, when he was put on medical leave because of serious injuries he had sustained in an automobile accident in August, 1987. From August, 1987, until March, 1989, plaintiff lived with a daughter. He looked for jobs during that period but explained that there were no jobs available.

At the time of the hearing he had worked as a janitor. His brother was his supervisor. His brother accommodated plaintiff's physical impairments. Mr. Jones' duties included sweeping the floors, cleaning the rest rooms and emptying trash cans, but did not include heavy moving or lifting.

Plaintiff testified that he needed help doing daily chores. Plaintiff's niece said she helped plaintiff put on his shirt because he had a hard time moving in a twisting position. She helped do shopping and housework.

### II. Analysis

#### A. *Standard of Review*

The scope of judicial review in this case is limited to determining whether the Secretary's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir.1989). A claimant must prove the existence of a disability or a combination of impairments that result in disability during the insured period. *Anderson v. Heckler*, 805 F.2d 801 (8th Cir.1986).

The Administrative Law Judge (ALJ) must fully develop the record. *Mitchell v. Bowen*, 827 F.2d 387, 389 (8th Cir.1987). Subjective complaints must be fully considered by the ALJ and adequate reasons must be given for disbelieving the claimant. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). Likewise, the ALJ must give sufficient weight to qualified medical opinions and discount such opinions only where they are contrary to the evi-

dence. *Ward v. Heckler*, 786 F.2d 844, 845 (8th Cir.1986). Where the ALJ determines that the claimant cannot return to past relevant work, the burden shifts to the Secretary to demonstrate that there are other jobs in the nation which claimant is capable of doing. *Tucker v. Heckler*, 776 F.2d 793, 795 (8th Cir.1985).

### B. *Review of Administrative Law Judge's Findings*

The ALJ, and ultimately the Secretary, found that plaintiff was precluded from returning to his previous work but that he was not disabled. Plaintiff Jones raises three rationales upon which the Court could find that substantial evidence does not support the Secretary's decision. First, Mr. Jones submits that substantial evidence on the record as a whole does not support the ALJ's findings. Mr. Jones points to a contradiction in the ALJ's findings where it was found that plaintiff could return to his work as a bus driver or a janitor. This finding contradicts another finding that plaintiff's work as a janitor for his brother did not constitute gainful employment and it also contradicts the fact that plaintiff never worked as a bus driver. Mr. Jones suggests that the burden of proof shifted to the Secretary once it was determined that plaintiff could not return to his previous gainful employment, that of a bus mechanic.

Plaintiff Jones advances a second basis for granting his summary judgment motion, that the ALJ failed to satisfy his burden to fully develop the record. The ALJ's neglect is illustrated by the fact that he did not include in the record certain medical records, from Red Bud Hospital in Clear Lake, which plaintiff had offered at the administrative hearing.

Plaintiff's third basis for summary judgment consists of claims that the ALJ improperly evaluated plaintiff's subjective complaints. Plaintiff contends that the Secretary failed to comply with Eighth Circuit law in evaluating subjective complaints. Plaintiff argues that the ALJ's findings on the subjective complaints are wholly inadequate. Moreover, Mr. Jones contends, the ALJ could not properly discredit plaintiff's complaints when the ALJ had not adequately inquired about those complaints at the hearing.

The administrative hearing in this case was conducted in San Francisco, California. Therefore, the ALJ applied Ninth Circuit law in reaching his decision. A review of Ninth Circuit case law reveals that it is comparable to Eighth Circuit law on the issue of subjective complaints. *Fair v. Bowen*, 885 F.2d 597 (9th Cir.1989) (once claimant submits medical evidence of an impairment that might reasonably cause pain, the ALJ must make specific findings of credibility); *Varney v. Secretary of Health and Human Services*, 846 F.2d 581 (9th Cir.1988) (specific findings must be made to disbelieve subjective complaints). *Cf. Polaski*, 739 F.2d at 1322.

The Court's review of the record shows that substantial evidence does not support the Secretary's decision, for the three reasons stated by plaintiff. Specifically, the Court finds that the ALJ's findings numbered three (3) through six (6), upon which the ALJ bases his conclusion, are not supported by substantial evidence.

■ The ALJ's decision lacks substantial support due to critical errors he made in his reasoning. The most striking flaw in the ALJ's decision is the finding that plaintiff could return to past, relevant work as a bus driver and janitor. The records reflect that plaintiff worked as a bus mechanic and he informed the ALJ, at the hearing, that he had never been a bus driver. Mr. Jones subsequently informed the Appeals Council of the ALJ's error. The records reveals the finding is also flawed because plaintiff's work as a janitor was not considered past, relevant work due to special accommodations made by the employer.

■ The ALJ lacks substantial evidence to conclude there is no medical evidence supporting plaintiff's allegations of pain. The ALJ refers to a neurological examination, Exhibit 17, as "grossly unremarkable," but the record does not include a neurological examination. Exhibit 17 is the report of Dr. Andelman, a rheumatology

specialist, not a neurologist. Whether or not plaintiff has arthritis, these records indicate medical evidence of limited range of motion, decreased grip strength, and limitations that prevent him from doing his full amount of previous activities. Dr. Andelman's diagnosis attributes plaintiff's shoulder and neck pain to post-traumatic effects of a serious automobile accident. This constitutes substantial evidence that plaintiff has a medically diagnosed impairment related to his pain.

■ This Court also concludes that the ALJ's decision is unsupported because he failed to develop the record fully. During the hearing, the ALJ was responsible for establishing a complete record of plaintiff's allegations of pain. He failed to do so. *Mitchell v. Bowen*, 827 F.2d 387, 389 (8th Cir.1987) (ALJ must develop full record); *DeLorme v. Sullivan*, 924 F.2d 841 (9th Cir.1991). Plaintiff offered partial records from Red Bud Hospital at the hearing, but the ALJ neglected to include them in the record. Mr. Jones testified that he could not lift or move heavy items and that his niece helped him dress and do housework. The claim forms completed by plaintiff state that he has "severe pain in shoulders and back" and that he has "restricted movements in [his] side and arms and shoulders and neck." The ALJ never asked Mr. Jones to fully describe his pain or tell why he could not lift items. Instead, when Mr. Jones began to describe the pain in his left side, the ALJ suggested he tell his doctor.

When the niece testified about plaintiff's inability to do daily activities, the plaintiff told the ALJ he did not know how to ask her questions. However, the ALJ asked only two questions of the witness, about housework and shopping, and never referred to her testimony in his decision. The niece's testimony was not properly developed.

■ The third and final basis for this Court's reversal of the ALJ's decision is his improper evaluation of plaintiff's subjective complaints. The ALJ correctly considered plaintiff's level of medication and types of treatments, but he did not adequately consider plaintiff's daily activities, level of pain, (*see Polaski*, 739 F.2d at 1322; *Varney*, 846 F.2d at 581) and his inability to pay for treatments. *See Tome v. Schweiker*, 724 F.2d 711, 713–14 (8th Cir.1984) (financial inability may justify lack of treatment); *Stone v. Harris*, 657 F.2d 210, 211 (8th Cir.1981) (medical opinion required to assess need for treatment); *Nichols v. Califano*, 556 F.2d 931 (9th Cir.1977) (must consider justification for failure to get treatment). Several letters written by plaintiff to the Secretary indicate his inability to pay and his lack of knowledge that he could receive treatment at a Veteran's Administration hospital.

The ALJ concluded that Mr. Jones' allegation of disabling pain was not credible and that his impairments of high blood pressure, obesity, post-fracture of the left wrist, and sprains of the right shoulder, hip, and knee were not equal to a defined disability. The ALJ determined that plaintiff could lift up to fifty pounds, could frequently lift over twenty pounds, and could perform his past work as a janitor and bus driver. The ALJ found that "evidence fails to establish the existence of arthritis." The ALJ also discredited plaintiff's complaints of pain, based upon his lack of prescription pain medicine, his lack of treatment for pain, and his lack of physical restrictions.

The only medical evidence in the record demonstrates that Mr. Jones suffered serious injuries in an automobile accident in August of 1987, subsequently complained of pain and limited motion, and was prescribed Motrin for degenerative joint disease ("djd"). Physicians' opinions must be given proper weight when they are uncontradicted. *Turpin v. Bowen*, 813 F.2d 165, 170 (8th Cir.1987). The ALJ has not done so.

Although the medical evidence may not be conclusive, the record holds no contradictory evidence. Plaintiff's statements that he still preaches, hunts with some restrictions, golfs occasionally, and fishes are some evidence of his abilities but do not necessarily contradict his allegations of pain. *See Ricketts v. Secretary of Health*

*& Human Serv.*, 902 F.2d 661 (8th Cir. 1990) (evidence of light housekeeping does not necessarily contradict evidence of a disability) and *Johnson v. Secretary of Health & Human Serv.*, 872 F.2d 810, 814 (8th Cir.1989) (inappropriate to rely on evidence of occasional activities in the face of overwhelming evidence of a disability).

In summary, the ALJ failed to state specific reasons to disbelieve Mr. Jones' allegations of pain, the testimony of his niece, and the severity of his impairments. Moreover, the ALJ failed to develop an adequate record. In spite of uncontradicted medical evidence, the ALJ arbitrarily selected portions of the record to support the determination that plaintiff was not disabled. The ALJ made critical factual mistakes in his review of the record and in his conclusions. The Secretary's reliance upon this decision is unsupported by substantial evidence. Because the record has not been fully developed, this Court cannot assess whether benefits should be awarded in plaintiff's case. Therefore, remand is necessary.

### III. Rule 11

As discussed in the previous section, the ALJ seriously erred in reaching his decision. The fact that such conspicuous errors went unnoticed at subsequent stages of Mr. Jones' administrative proceedings is disturbing. The ALJ, the Appeals Council and, thus, the Secretary failed to properly apply the law of the circuit in reaching the final decision. Mr. Jones attempted to correct the ALJ's mistaken impression that he had been a bus driver. Mr. Jones informed the Appeals Council of the ALJ's error and of his reasons for failing to obtain continuing medical treatment. There is no indication that the ALJ or the Appeals Council considered this information. Additionally, the Appeals Council failed to note the contradictions within the ALJ's decision and to consider whether the burden of proof should have shifted to the Secretary once the ALJ decided Mr. Jones' janitor work was not relevant work.

This Court is concerned by the apparent failure of the Secretary's counsel to comply with Federal Rule of Civil Procedure 11.

Under Rule 11, an attorney who signs every pleading and motion signifies:

> that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose....

A failure to comply with Rule 11 may justify the imposition of sanctions. Fed. R.Civ.P. 11.

An award of Rule 11 sanctions involves a two-step process. First, the Court must find that the pleading or motion violates the rule. The Court must apply an objective standard of the signer's reasonableness. *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir.1987). The Third Circuit has described counsel's duty under Rule 11 as the duty to "stop, look, and listen" before signing a document. *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir.1986).

Second, the Court must assess an appropriate sanction where a violation of the rule is found. *Kurkowski v. Volcker*, 819 F.2d 201, 203 n. 8 (8th Cir.1987) (affirming Rule 11 sanctions for filing of frivolous, pro se complaint). The trial court may impose Rule 11 sanctions upon its own initiative. *Hurd v. Ralphs Grocery Co.*, 824 F.2d 806 (9th Cir.1987); *Terrestrial Sys., Inc. v. Fenstemaker*, 132 F.R.D. 71 (D.C.Colo.1990). Where there is no reasonable basis for counsel to believe his client's claims are supported by the existing law, the court should impose sanctions. *O'Connell*, 812 F.2d at 395; *Terrestrial Sys., Inc.*, 132 F.R.D. at 76.

In the present case, the Assistant United States Attorney filed an answer simultaneously with the record. Paragraph 8 of the answer states, "It is the defendant's position that his findings of fact are supported by substantial evidence and are conclusive." The Court questions whether counsel could have conducted a reasonable inquiry into the facts and law before he signed the answer to the best of his knowledge.

In his motion for summary judgment, the Secretary's counsel puts forth an inconsistent argument. He first states that

> the evidence shows that he retained the residual functional capacity to work as a janitor. The ALJ's finding that plaintiff could return to his past work as a janitor was contradicted by his finding that plaintiff had not performed substantial gainful activity since 1987. This circuit has recognized that if the Secretary errs when the burden is still on the claimant to prove he is entitled to benefits, *the case should be remanded* to the Secretary. [Citations omitted.] In this case, although the credible evidence shows that plaintiff had the residual functional capacity to work as a janitor, the Secretary's determination was internally inconsistent. That error occurred, however, before the burden shifted to the Secretary; thus, the case should be remanded to allow the Secretary to secure evidence of other work plaintiff can perform.

Yet, then counsel concludes,

> Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence on the record as a whole supports the Secretary's decision. Accordingly, the Secretary's decision should be affirmed.

This case is one of numerous cases which requires remand because of the Secretary's failure to follow the established law of this circuit. *See Kirksey v. Heckler,* 808 F.2d 690, 692 (8th Cir.1987); Coenen, *Constitutional Case Against Intracircuit Nonacquiescence,* 75 Minn.L.Rev. 1339 (1991); Estreicher & Revesz, *Non–Acquiescence by Federal Administrative Agencies,* 98 Yale L.J. 679 (1989). Under Rule 11, counsel on both sides has an affirmative duty to make reasonable inquiry into the facts and the law. Defendant's claims appear unreasonable in light of the existing law and the record. Therefore, counsel for defendant must show cause why monetary sanctions under Rule 11 should not be imposed. *See Adamson v. Bowen,* 855 F.2d 668, 673–74 (10th Cir.1988) (affirming award of sanctions where "the Secretary objectively could not have believed the position taken"). *Cf. Mara v. Sullivan,* 721 F.Supp. 520, 527–28 (S.D.N.Y.1989) (denying motion for sanctions against Secretary's counsel).

### IV. Conclusion

Based on the record, this Court finds that substantial evidence does not support the Secretary's decision. Additionally, the ALJ did not state adequate, specific reasons to discredit plaintiff's allegations of pain and the ALJ did not adequately develop the record. The ALJ made critical mistakes in his analysis which were brought to the attention of the Appeals Council, to no avail. The Secretary improperly relied upon the ALJ's decision and, therefore, the Court must reverse the Secretary's decision.

Remand is necessary because the record is inadequate to determine whether plaintiff is disabled. Consistent with the decision handed down in *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), this case shall be remanded to the Secretary pursuant to sentence four of Section 405(g), 42 U.S.C.A. Final judgment shall be entered. However, this Court retains jurisdiction over the issue of whether sanctions should be imposed against counsel for the Secretary.

This Court, *sua sponte,* raises the issue of whether Rule 11 sanctions should be imposed upon the Secretary's counsel. If counsel signed the answer or the summary judgment motion without a reasonable basis in fact and law, then sanctions are mandatory for violation of the rule. Before imposing sanctions, the Court will provide the Secretary's counsel the opportunity to brief the issue.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted and defendant's motion is denied. It is further

ORDERED that this action is remanded to the Secretary for further administrative proceedings consistent with this Order. It is further

ORDERED that, there being no cause for delay, final judgment shall be entered

as to the summary judgment motions, pursuant to Fed.R.Civ.P. 54(b). Entry of judgment shall commence the time for appeal and the subsequent time period for filing for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. It is further

ORDERED that this Court retains jurisdiction of this case for determination of whether sanctions should be imposed under Fed.R.Civ.P. 11. It is further

ORDERED that defendant's counsel shall have until November 25, 1991 to brief the Court on whether Rule 11 sanctions should be imposed against him.