Kenneth BURKHART, Through his Conservator, Byron MEEKS, and Judith Burkhart, Plaintiffs–Appellees,

v.

The KINSLEY BANK, Defendant–Appellant.

No. 87–1242.

United States Court of Appeals, Tenth Circuit.

July 19, 1988.

Kenneth M. Nohe of Wisdom & Haag, P.A., Wichita, Kan., for defendant-appellant.

Michael J. Friesen, P.A., Garden City, Kan., for plaintiffs-appellees.

Before LOGAN, McWILLIAMS and TIMBERS,* Circuit Judges.

McWILLIAMS, Circuit Judge.

Kenneth Burkhart, through his Conservator, Byron Meeks, and Judith Burkhart, Kenneth's wife, brought suit on May 21, 1984, in the United States District Court for the District of Kansas against the Kinsley Bank and Cimarron Cooperative Equity Exchange alleging that the two defendants conspired to convert, and did convert, to their own use 4,225.5 bushels of wheat belonging to the Burkharts for which the Burkharts sought compensatory and punitive damages.

---

* Honorable William H. Timbers, United States Circuit Judge, Second Circuit, Bridgeport, Connecticut, sitting by designation.

More specifically, in their amended complaint the Burkharts alleged the following: (1) that on or about November 12, 1976, they were the owners of 4,225.5 bushels of wheat and that on that date they granted a security interest in the wheat to the Kinsley Bank; (2) that on May 18, 1977, the Burkharts filed a petition for bankruptcy in the United States Bankruptcy Court for Kansas, and that they were discharged in bankruptcy on February 13, 1979; (3) that on May 12, 1982, the trustee in bankruptcy filed in the bankruptcy proceeding a Petition for Authority to Abandon Assets, namely the 4,225.5 bushels of wheat which was at that time stored in the Cimarron Cooperative Equity Exchange, and that on that same date the petition was granted; and (4) that thereafter the defendants, with full knowledge that the Bank's security interest in the wheat "had expired" because a "continuation statement" had not been filed as required by state statute, and with knowledge that by virtue of Section 556 of the Bankruptcy Code title to the wheat had vested in the Burkharts, converted the wheat to their own use by Cimarron's sale of the wheat, at the direction of the Bank, and thereafter remitting to the Bank the proceeds of the sale less storage expenses. Jurisdiction was apparently based on 28 U.S.C. § 1331 and Section 556 of the Bankruptcy Code. 11 U.S.C. § 556 (1982).

Both the Bank and Cimarron filed motions for summary judgment, which, after hearing, were granted. The Burkharts did not appeal the judgments granting summary judgment in favor of the Bank and Cimarron.

The Bank, in addition to its motion for summary judgment, filed a motion for sanctions against the Burkharts and their attorney, alleging that the complaint was not well grounded in fact, was not warranted by existing law and was filed for purpose of harassment, and that, pursuant to Fed.R.Civ.P. 11, sanctions were mandatory. The district court denied the Bank's motion for sanctions, holding that there was no "subjective bad faith" on the part of either the Burkharts or their attorney.

The Bank appealed the district court's denial of its motion for sanctions and, on appeal, we reversed, holding that, under amended Rule 11, subjective bad faith was not a prerequisite to an award of sanctions and remanded the case for further proceedings. *Burkhart, through his Conservator, Meeks, v. Kinsley Bank,* 804 F.2d 588 (10th Cir.1986).

On remand, the district court, after hearing, again denied the Bank's motion for sanctions, and the present appeal is from that order.

The Burkharts' theory of the case was that by the Bank's inaction, i.e., its failure to participate in any manner in the bankruptcy proceeding or to file a continuation statement, the Bank's security interest in the wheat "expired" and that when the trustee's petition to abandon the wheat as an asset of the estate was granted, title to the wheat vested in the Burkharts free and clear of the Bank's interest. In support of that theory, the Burkharts relied on several rulings to that effect by one of the bankruptcy judges in Kansas.[1]

As indicated, the district court rejected Burkharts' theory of the case and granted summary judgment in favor of the Bank, holding that the Bank's security interest was unaffected by the bankruptcy proceeding.

On remand, after our earlier opinion, the district court was given additional briefings by the parties, and the district court again denied the Bank's motion for sanctions. In denying the motion, the district court commented, in part, as follows:

> Under Rule 11, which was amended in 1983, "the party or attorney, in signing a pleading, affirms that, after making a reasonable inquiry, he [or she in this case] believes in good faith that the pleading is well grounded both in fact and in law...."

---

**1.** That particular rule has since been rejected by this court in *Chandler Bank of Lyons v. Ray,* 804 F.2d 577 (10th Cir.1986).

The Bank vehemently contends that it is entitled to Rule 11 attorneys fees because the plaintiffs' attorney made no reasonable inquiry into the facts, because the allegations in the Amended Complaint are not warranted by existing law and·because the Amended Complaint was filed for an improper purpose....

What the Bank's arguments boil down to is because it won the summary judgment motion, it is entitled to Rule 11 sanctions. "[W]hile a plaintiff's allegations may fall short of stating a valid claim for relief, this fact alone does not warrant the relief contemplated by Rule 11." [A quote from an unpublished opinion of the United States District Court for the District of Kansas]....

Plaintiffs' legal position, which was based on two decisions by a bankruptcy judge in Kansas, was that because the Bank did not participate in the debtors' bankruptcy, its lien rights were affected. The plaintiffs relied on a 1983 decision by Judge James Pusateri, *In Re Ray*, 26 B.R. 534 (Br.D.Kan.1983), which, although disagreed with by other bankruptcy judges in the district, afforded them a reasonable argument at the time they filed their Amended Complaint on May 21, 1984. Only last year, on October 14, 1986, did the Tenth Circuit reverse Judge Pusateri, in *Chandler Bank of Lyons v. Ray*, 804 F.2d 577 (10th Cir.1986)....

Rule 11 provides, in part, as follows:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. *The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ...* (emphasis added).

Under Rule 11, the signature of Burkharts' counsel [2] on the amended complaint constituted a "certificate" by the attorney that: (1) the attorney had read the complaint; (2) that to the best of counsel's "knowledge, information, and belief formed after reasonable inquiry" the amended complaint is well grounded in fact; (3) and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (4) that the amended complaint was not interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in cost of litigation.

It appears to us that the only part of Rule 11 that is really involved in the instant case is the language appearing in section (3) of our breakdown of Rule 11 in the preceding paragraph. There is no suggestion that counsel did not read the complaint to which she had affixed her signature. Nor do we believe that counsel misstated or misunderstood the underlying facts on which the amended complaint was based. The Bank's position, as we understand it, is that the amended complaint was not "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law...." There is the suggestion by the Bank that counsel brought the action to harass the Bank, but that part of the rule is, in our view, subsumed in the language appearing in section (3) of our breakdown of Rule 11.

---

**2.** It would appear that neither of the Burkharts signed the amended complaint.

In other words, if counsel filed an amended complaint which *was* "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," then any suggestion of harassment would necessarily fail.

■ At the outset we must determine the standard of review for the district court's holding that neither the Burkharts nor their attorney violated the provisions of Rule 11. The Bank argues for *de novo* review by us of that determination, citing *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986) and *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1175 (D.C.Cir. 1985). However, in this regard we believe that this Circuit is committed to an "abuse of discretion" standard of review. *See Cotner v. Hopkins,* 795 F.2d 900 (10th Cir. 1986) and *Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184 (10th Cir.1985). In *Chevron* we said that "[w]ith respect to the award of attorney's fees under Rule 11, we find that the district court did not abuse its discretion." *Chevron* at 1187. In *Cotner* we stated that "[u]nder the Rule, the party or attorney, in signing a pleading, affirms that, after making a reasonable inquiry, he believes in good faith that the pleading is well grounded both in fact and in law.... The district court's imposition of a sanction under Rule 11 is subject to review for abuse of discretion ...," *Cotner* at 903, citing *Chevron.*

The Bank's response to *Cotner* and *Chevron* is that in each of those cases the district court imposed sanctions, and that the district court in the instant case determined that there was no violation of Rule 11 which would trigger an imposition of a sanction. We are not persuaded and are disinclined to use one standard when a district judge imposes sanctions and a different standard when he refuses to sanction. In any event, under *Cotner* and *Chevron,* we believe that this Circuit is committed to an "across the board" use of the "abuse of discretion" standard, i.e., an "abuse of discretion" standard of review of a district court's determination that there either has, or has not, been a violation of Rule 11, and, in case of the former, an "abuse of discretion" standard of review of the particular sanction imposed by the district court. For a recent case adopting the "across the board" use of the "abuse of discretion" standard of review, *see Thomas v. Capital Security Services, Inc.,* 836 F.2d 866 (5th Cir.1988), where the Fifth Circuit, sitting en banc, rejected the "tiered" approach where, in certain situations, there would be *de novo* review on appeal.[3]

■ In the instant case, we do not believe that the district court abused its discretion in denying the Bank's motion for sanctions. As the district judge noted, several rulings by a bankruptcy judge in Kansas did support the Burkharts' theory of the case. Also, Burkharts' counsel apparently conferred with the bankruptcy judge about the matter, and counsel communicated with the Bank about the possibility of litigation before the action was filed.

Counsel, in the district court, argued briefly, by way of a reply memorandum, that the decisions of the bankruptcy judge ostensibly relied on by the Burkharts, were decided under the amended bankruptcy code, 11 U.S.C. § prec. § 101 (The Bankruptcy Reform Act of 1978), whereas the Burkharts' bankruptcy proceedings were under the old bankruptcy act (Bankruptcy Act of 1898), and that such rendered Burkharts' reliance of the rulings of the bankruptcy judge unreasonable. We are not persuaded that such compels us to find that the district court abused its discretion.

Judgment affirmed.

---

**3.** The "across the board" use of the "abuse of discretion" standard of review adopted by the Fifth Circuit in *Thomas* recognizes that *if* there be a determination by a district judge that the party signing a complaint has violated Rule 11, then a sanction is mandatory, the type of sanction and the severity thereof to rest in the sound discretion of the district judge. In accord, see our *Chevron, supra.*