930 F.2d 32
Unpublished Disposition
 NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Winfred P. ADAMS, Plaintiff-Appellant,
v.
STATE OF NEW MEXICO, San Juan College Board, Larry Brewer,
Board Member, Tommy Wheeler, Board Member, San Juan College,
Jim Henderson, San Juan College President, Edward Wood,
Board Member, Eva Stokely, Board Member, Lynda Eaton, Board
Member, William Vincent, Board Member, Sidney Martin, Board
Member and Betty Yabeny, Board Member, Defendants-Appellees.
 Nos. 90-2158, 90-2190.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The appellant, Winfred P. Adams, appeals the district court's dismissal of his complaint under Fed.R.Civ.P. 12(b)(6). The district court dismissed Adams' complaint for several reasons, one of which was that Adams had failed to state a claim upon which relief could be granted. In addition, the district court awarded the State of New Mexico its attorneys' fees and costs incurred in defending this case. We affirm.
 
 FACTS
 
 3
 On May 10, 1989, Adams filed a cause of action seeking declaratory and injunctive relief in the United States District Court for the District of New Mexico alleging that the State of New Mexico, the San Juan College Board, and various individuals had wronged him. Adams cited to a number of United States Code provisions as well as to various amendments of the Constitution. The district court dismissed Adams' May 10, 1989 Complaint sua sponte on the ground that it failed to state a claim upon which relief could be granted. The court, aware of the fact that Adams was proceeding pro se, gave Adams until June 15, 1989 to file an amended complaint. Adams filed his amended complaint on June 16, 1989. The appellees filed a motion to dismiss on August 4, 1989. On July 18, 1990, Judge Parker dismissed Adams' complaint on several grounds including Adams' failure to state a claim under Rule 12(b)(6). Adams appeals to this court the district court's July 18, 1990 dismissal.
 
 
 4
 The thrust of Adams' complaint, as we interpret it, is that various governmental units of the State of New Mexico attempted to and succeeded in enslaving Adams in violation of the Thirteenth Amendment. Apparently, Adams contacted New Mexico authorities on February 17, 1984 regarding what he perceived as "felonious bookkeeping and purchasing practices" occurring at San Juan College. Complaint at p 16. Soon thereafter, Adams took sick leave from work. On April 11, 1984, Adams' employment was terminated by San Juan College. Complaint at paragraphs 21-22. According to Adams, he ran for election to the San Juan College Board sometime in March of 1985. Adams seemingly alleges some sort of redistricting that impacted the particular position he was seeking. Complaint at p 26. On July 1987, Adams initiated a recall of the Board alleging "conspiracy to violate laws and acts of despotism among others." Complaint at p 27. Given these basic facts, Adams alleges that he "labored under ... conditions of despotism within the limits of State Statutes" and that the board "in the exercise of lawful authority placed plaintiff in a system of peonage." Complaint at p 30. Adams further alleges that he attempted "to break the binds [sic] which held him a peon" by running for election to the board. Complaint at p 33. In what is perhaps the most telling paragraph in his complaint, Adams alleges that
 
 
 5
 a system of peonism exist [sic] in New Mexico under authority of defendant New Mexico. Plaintiff was placed in the status of a peon during employment and held in that status involuntarily ever since. This circumstances [sic] has caused and is causing plaintiff the immediate and continuous loss of income, the denial of his civil rights by arbitrary and capricious acts under color of official right, the repeated instances of ridicule in public and in the public press....
 
 
 6
 Complaint at p 34.
 
 
 7
 Adams alleges that this peonage violates a number of federal statutes including: 42 U.S.C. Secs. 1962(a), 1983, 1985, 1986, 1994; 18 U.S.C. Secs. 201, 1503, 1510, 1951(a), 1952, 1962, 1964(c), 2314, 2315; as well as violations of the First, Fourth, Sixth, Thirteenth, and Fourteenth Amendments. Complaint at paragraphs 37-51. Finally, Adams requests various forms of relief including "preliminary and permanent injunctive relief restraining defendant New Mexico, its officers, employees, agents, attorneys, and successors in office, and all persons in active concert and participation with them from practicing peonism." Complaint at 14, p (a).
 
 ANALYSIS
 
 8
 It is clear from Adams' Opening Brief as well as his Reply Brief that his entire cause of action is grounded in a claim of peonage. However, as a matter of law, these allegations do not rise to the level of an actionable claim of peonage. Therefore, in reviewing the district court's dismissal of Adams' complaint, we need go no further than to affirm its dismissal on Rule 12(b)(6) grounds.
 
 
 9
 Peonage is defined as "[a] condition of servitude ... compelling persons to perform labor in order to pay off a debt." Black's Law Dictionary 591 (Abridged 5th ed. 1983). See also Bailey v. Alabama, 219 U.S. 219, 242 (1911) ("The essence of [peonage] is compulsory service in payment of a debt. A peon is one who is compelled to work for his creditor until his debt is paid."). After carefully examining Adams' complaint, we can find nothing that suggests that Adams was ever subjected to peonage by the defendants. Therefore, we affirm the district court's dismissal of Adams' complaint under Rule 12(b)(6).[1]
 
 
 10
 The next issue is whether the district court abused its discretion in requiring Adams to pay the defendants' costs and expenses incurred in defending this lawsuit. When the district court dismissed Adams' original petition without prejudice in May of 1989, it cautioned Adams to comply with Fed.R.Civ.P. 11. Order of Dismissal, 79 (July 19, 1990). The district court correctly ruled that his amended complaint was not in compliance Rule 11. Pro se status does not provide litigants with a license to file baseless pleadings that serve to "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Patterson v. Aiken, 808 F.2d 383, 387 (11th Cir.1988). Indeed, Adams has shown a remarkable ability to draft pleadings, write supporting memoranda, and draft interrogatories and requests for admission indicating that he has sufficient legal acumen to understand the ramifications of filing baseless claims in violation of Rule 11. We review the district court's imposition of sanctions under the abuse of discretion standard. Burkhart Through Meeks v. Kinsley Bank, 852 F.2d 512, 515 (10th Cir.1988). We do not find that the district court abused its discretion in directing Adams to pay the defendants attorneys' fees and costs in the amount of $3,054.00. Therefore, we AFFIRM the district court's decision to dismiss Adams' complaint under Fed.R.Civ.P. 12(b)(6) as well as its decision to require Adams to pay the defendants' litigation costs.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note in passing that Adams apparently believes that as a pro se litigant his complaint cannot be dismissed under 12(b)(6) unless the opposing party somehow proves that "no set of facts exist which would support the pro se litigant's claim." Appellant's Reply Brief at 2-3 (citing Haines v. Kerner, 404 U.S. 519 (1972). We do not read Haines v. Kerner as placing a burden of proof on an opposing party to negate the possible existence of facts that could support a pro se litigant's claim. Nor are we aware of any authority in support of this proposition