F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHESTER A. THOMAS,

      Plaintiff-Appellant,

v.

CITY OF WICHITA, a municipal
corporation,

      Defendant-Appellee.

No. 01-3167
(D.C. No. 98-CV-1491-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

    Appellant Chester Thomas, appearing pro se, challenges the district court's

decision granting summary judgment in favor of appellee City of Wichita ("the

City") on his claims of discrimination based on disability under the Americans

with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213, and based on race under

---

\*     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I

On August 12, 1992, Thomas, then a firefighter for the City, injured his right arm and shoulder while attempting to lift a large heart-attack patient.  On January 11, 1993, Thomas signed a resignation stating that he was physically unable to perform his duties as a firefighter.  He had been told by his superiors that because there was no position that could accommodate his new limitations, he would either have to resign or be fired.

Thomas subsequently applied for permanent partial work disability benefits.  Michael Payne, risk manager for the City of Wichita, denied his request, stating that because Thomas had resigned voluntarily, he was excluded from benefits under Kansas's worker's compensation law.

An administrative law judge ("ALJ") heard Thomas's benefits claim, and concluded that Thomas was entitled to benefits based on a 55% disability.  This determination was appealed by the City, and the Worker's Compensation Appeals Board reduced the award to benefits based on a 47.6% disability.  A settlement was then reached by the parties for a lump-sum payment representing the total of Thomas's benefit payments less 10%.

On September 1, 1998, Thomas filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission alleging that the City had discriminated against him based on his disability when it forced him to resign and based on his race in its handling of his claim for worker's compensation benefits. These agencies declined to pursue his claims. On December 22, 1998, Thomas filed this suit.

The City moved for summary judgment on both the ADA and the Title VII claims, arguing that because Thomas resigned in 1992 but did not file his administrative complaints until 1998 he was well outside the 300-day time limit and his claims were barred. [1] In response, Thomas stated that the continuing violation and equitable tolling doctrines applied to excuse this defect.

The district court granted the City's motion with respect to Thomas's claim of disability discrimination, concluding that no continuing violation had been alleged because the only action purportedly based on Thomas's disability was his forced resignation in 1993 and concluding that the doctrine of equitable tolling did not apply because there was no evidence that the City attempted to conceal facts from Thomas. Finally, the court determined that the race discrimination

---

[1] Under Title VII's time limitation requirements, which also apply to ADA actions, a lawsuit must be filed with the EEOC within 300 days of the discriminatory action in states, such as Kansas, that statutorily prohibit discrimination. See 42 U.S.C. § 2000e-5(e)(1).

claim was not time-barred because the City's appeal of Thomas's benefits award, alleged to be motivated by Thomas's race, was within the 300-day time limit.

A second motion for summary judgment on the remaining Title VII claim was then filed by the City, arguing that (1) Thomas had not established a prima facie case of discrimination; (2) even if Thomas had established his prima facie case, the City had proffered legitimate, non-discriminatory reasons for its treatment of his benefits claim; and (3) Thomas offered no evidence that those reasons were merely pretextual. The district court agreed, resolving the motion in favor of the City on the basis that Thomas had failed to show that the City's purported reasons for its actions were unworthy of credence or motivated by Thomas's race.

**II**

Our review of the district court's decision granting summary judgment is de novo, and we apply the same standard as the district court. Adler v. Wal-Mart Stores, Inc. , 144 F.3d 664, 670 (10th Cir. 1998). Summary judgment is warranted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

On appeal, Thomas argues that either the continuing violation or equitable tolling doctrine should apply to excuse his delay in pursuing his ADA claim. Upon review of the briefs and the record, we conclude that the district court

-4-

correctly determined that neither of these concepts applies. We affirm on this issue, therefore, for the reasons stated by the district court.

On his Title VII claim, Thomas argues that the City failed to provide a legitimate, non-discriminatory reason for appealing Thomas's benefits award. In reviewing Thomas's argument, we note that "[t]he relevant inquiry is not whether [the employer's] proffered reasons were wise, fair, or correct, but whether [the employer] honestly believed those reasons and acted in good faith upon those beliefs." Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1318 (10th Cir. 1999).

There are two linchpins to Thomas's argument: an internal memorandum setting forth the City's strategy for responding to his claim, and the distinction between the 1993 and 1990 versions of the Kansas worker's compensation law. According to Thomas, the City's reason for denying his claim was not supported by the 1990 version of the law and the City knew the 1990 rather than the 1993 version applied to his claim.

First, the interoffice memorandum reveals no racial animus. As the district court concluded, it merely presents the City's strategy for resolving Thomas's claims on terms favorable to the City. Second, the City's basis for rejecting Thomas's claim appears to be equally tenable under either version of the Kansas statute. Payne reasoned that an employee who voluntarily resigned could

theoretically continue to earn a salary comparable to his pre-injury salary. While this logic was ultimately rejected by the ALJ and the Appeals Board, the conclusions of these two bodies were not based on any distinction between the two versions of the law. Compare Kan. Stat. Ann. § 44-510e(a) (1990) (disallowing benefits where employee is able to earn "comparable" wages) with Kan. Stat. Ann. § 44-510e(a) (1993) (disallowing benefits where employee is able to earn 90% of previous salary). Rather, the critical issue was the ALJ's finding that Thomas had not resigned voluntarily, but had been forced to resign.

Ultimately, the proceedings before the ALJ and Appeals Board involved legitimate disagreements among the various physicians and other witnesses regarding the nature and extent of Thomas's injuries and the events surrounding his resignation/termination. While Thomas ultimately prevailed on these points, nothing suggests that the City's position in these proceedings was frivolous. Legitimate, non-discriminatory reasons were offered by the City for appealing Thomas's award.

In light of this showing, the burden fell on Thomas to counter with specific facts showing that the City's reasons for its appeal were unworthy of credence or racially motivated in some way. See Bullington, 186 F.3d at 1317. This showing must be made by reference to affidavits, deposition transcripts, or specific exhibits. See Adler, 144 F.3d at 670–71. Repeated, unsupported assertions by

-6-

Thomas that the City's actions were based on his race are insufficient to defeat summary judgment.

Finally, Thomas also appeals the district court's denial of his motion for sanctions based on his allegation that the City had committed fraud, as evidenced by the above-referenced interoffice memorandum.  We review the district court's ruling on a motion for sanctions for abuse of discretion.       See Burkhart ex rel. Meeks v. Kinsley Bank  , 852 F.2d 512, 515 (10th Cir. 1988).  There is nothing suggesting that the City's conduct before the court was fraudulent.  Accordingly, we conclude that the district court did not abuse its discretion.

## III

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge